## Titusville Building and Loan Association *versus* McCombs and Wife.

The Supreme Court is bound to disregard an assignment of error, under the Act of April 18th 1874, unless the record shows an exception was taken.

November 28th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1879, No. 365.

Scire facias sur mortgage issued by the Titusville Building and Loan Association against James McCombs and wife.

In this case a rule for judgment for want of a sufficient affidavit of defence was discharged and a writ of error taken under the Act of April 18th 1874, Pamph. L. 64. It did not appear of record that any exception was taken to the decision of the court. The errors assigned by the building association were the discharge of the rule, and the refusal to make the same absolute and to enter judgment for the amount of the claim.

*Neill & Heywang* and *J. B. Brawley,* for plaintiff in error, moved to quash the writ of error for the reason that no exception appeared to the order of the court below discharging the rule for judgment.

*Bole & Frey*, for defendants in error.—An exception was asked for and refused on the ground that it was not necessary.

The judgment of the Supreme Court was entered January 5th 1880,

PER CURIAM.—This is a writ of error to an order of the court below refusing a judgment for want of a sufficient affidavit of defence. This writ is given in such case by the Act of 18th April 1874, Pamph. L. 64, which, however, expressly provides, "plaintiff may except to such decision and take a writ of error to the Supreme Court.". As the record shows no such exceptions it is clear that the court is bound to disregard the assignment of error.

Order affirmed, the writ of error dismissed at the cost of the plaintiff without prejudice.