## Commonwealth, Appellant, *v.* Fleming et al.

*Assignment of error—Exception—Practice.*

The Supreme Court is bound to disregard an assignment of error to an order discharging a rule for judgment for want of a sufficient affidavit of defence, unless the record shows that an exception was taken.

When a rule for judgment for want of a sufficient affidavit of defence is discharged in open court, in presence of the plaintiff's counsel, then is the proper time to except and request the court to seal a bill.

Argued Oct. 11, 1893. Appeal, No. 162, Oct. T., 1893, by Commonwealth, to use of Caroline E. Porter, administratrix of John J. Porter, deceased, from order of C. P. Beaver Co., March T., 1893, No. 339, discharging rule for judgment for want of sufficient affidavit of defence, in favor of defendants, J. Kidd Fleming, Cochran Fleming and M. S. Quay. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence. Rule discharged. Before WICKHAM, P. J.

*Error assigned* was discharge of rule.

In the Supreme Court the appellee moved to quash the appeal on the ground that the record showed that no exception was taken nor allowed. Appellant filed the following affidavit and certificate in reply to the motion to quash:

" Thomas M. Henry and David S. Naugle, attorneys for appellant, being sworn according to law depose and say that the above cause came on for an argument by order of the court on Saturday, June 17, 1893, at which time the motion for judgment for want of a sufficient affidavit of defence was overruled; that the aforesaid affiants called at chambers on the evening of June 17, 1893, the day the motion was argued, and asked the court—Hon. J. J. WICKHAM, P. J.—to seal a bill of exceptions, at which time the judge suggested his inability to do so for the reasons that no exceptions had been asked for in open court, that court had then adjourned and that counsel for defendant was not present. Court having adjourned on said

June 17th until the 28th following, at which time this cause was fixed for trial, the plaintiff had no opportunity to ask for an exception in open court after the day of argument until the day of trial."

" October 5th, 1893.  At the request of plaintiff's counsel, I hereby certify that the facts as set forth in above affidavit, are true.  I further certify, at request of defendants' counsel, that the counsel on both sides were present in open court, when the order refusing judgment, etc., was made, and that no exception has ever been filed to such order by permission of the court, or the judge thereof.

" JOHN J. WICKHAM, President Judge."


*David S. Naugle, Thomas M. Henry* and *Louis E. Grim* with him, for appellant.


*John M. Buchanan, Lewis W. Reed* and *William A. McConnel* with him, for appellee, cited on the motion to quash, Mehring v. Commonwealth B. & L. Association, 17 W. N. C. 422; Watson v. Supplee, 14 W. N. C. 452; Titusville B. & L. Association v. McCombs, 92 Pa. 364.


PER CURIAM, October 23, 1893 :

It appears by the record that when the rule for judgment, in this case, was discharged, counsel for both parties were in court, and left without taking any exception to the ruling or asking the court to seal a bill.  The learned president of the court certifies that after adjournment of court counsel for plaintiff called on him at chambers and requested him to seal a bill of exceptions, which, for reasons stated, he declined to do.  He further certifies that no exception has ever been filed by permission of the court or the judge thereof.

As was said in Building and Loan Association v. McCombs, 92 Pa. 364, " this court is bound to disregard an assignment of error under the act of April 18, 1874, unless the record shows an exception was taken."  The act provides that " plaintiff may except to such decision and take a writ of error to the Supreme Court."  When a rule for judgment for want of a sufficient affidavit of defence is discharged in open court, in presence of the plaintiff's counsel, then is the proper time to ·

except and request the court to seal a bill. If counsel are not in court when such rule is discharged, no judge should refuse to allow an exception and seal a bill within a reasonable time thereafter.

In the circumstances, we think this appeal should be quashed.
Appeal quashed.