# Chambers, Appellant, v. McLean.

*Appeals—Affidavit of defense—Exception.*

Where the court has discharged a rule for judgment for want of a sufficient affidavit of defense the plaintiff's appeal from the order will be quashed, where the record shows that he took no exception to the order before taking the appeal.

Argued Oct. 21, 1903. Appeal, No. 168, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1903, No. 4112, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Martha B. Chambers v. Calvin B. McLean, Administrator of Samuel Daggy, Deceased, and I. W. Huckins. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Rule for judgment for want of a sufficient affidavit of defense.

552        CHAMBERS, Appellant, v. McLEAN.

Statement of Facts—Opinion of the Court.    [23 Pa. Superior Ct.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Alfred N. Keim*, with him *Carroll R. Williams*, for appellant.

*Chester N. Farr, Jr.*, for appellees.

PER CURIAM, November 16, 1903 :

The plaintiff's rule for judgment for want of a sufficient affidavit of defense was discharged on June 29, 1903. The plaintiff entered this appeal on July 25 following without first having excepted to the order appealed from. Under the statute giving the plaintiff a right to appeal in such case an exception to the ruling is an essential prerequisite. In answer to the suggestion that the plaintiff was prevented from taking an exception by reason of the fact that the court adjourned for the summer vacation on June 29, it is enough to say that the plaintiff had six months within which to appeal, and therefore ample time, after the convening of the court below in October, to comply with the provision of the statute. Under the circumstances the plaintiff's motion for leave to amend the record must be disallowed, and the defendant's motion to quash the appeal granted. It is so ordered.