# International Savings & Trust Company, Appellants, *v.* Printz.

*Appeals—Rule for judgment non obstante veredicto—Exception—Act of April 22, 1905, P. L. 286—Quashing appeal.*

Where an order discharging a rule for judgment for the plaintiff non obstante veredicto upon the whole record, is not excepted to, an appeal from such order will be quashed. The language of the Act of April 22, 1905, P. L. 286, implies that the party shall request an exception, and if it is not allowed him, he has his remedy whereby he can compel the judge to grant it.

Argued April 13, 1908. Appeal, No. 41, April T., 1908, by plaintiff, from order of C. P. Warren Co., Dec. T., 1905, No. 31, discharging rule for judgment for plaintiff non obstante veredicto, in case of International Savings & Trust Company, Receiver of the Duquesne Mutual Casualty & Indemnity Co., v. A. A. Printz. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Assumpsit for an assessment against a member of an insolvent insurance company. Before LINDSEY, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Alter & Wright,* with them *Axtell J. Byles,* for appellant.

*Edward Lindsey,* with him *Earl MacDonald,* for appellee.— Under various acts of assembly authorizing the entry of rules for judgment non obstante veredicto an exception must be taken to the ruling of the court thereon in order to review the same by writ of error, and if no exception be taken the appeal will be quashed: Yard v. Pancoast, 108 Pa. 384; Dietrich v. Ins. Co., 32 Pa. Superior Ct. 234; Dalmas v. Kemble, 215 Pa. 410; Com. v. Fleming, 157 Pa. 644; Titusville B. & L. Assn. v. McCombs, 92 Pa. 364.

OPINION BY RICE, P. J., October 12, 1908:

The defendant's motion to quash this appeal raises a question of practice of some importance. The plaintiff presented a motion for binding instructions in its favor, and after verdict by direction for the defendant moved the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment for the plaintiff non obstante veredicto upon the whole record. A rule to show cause was granted, and after argument was discharged in an opinion filed. Thereupon judgment was entered on the verdict and the plaintiff appealed. The record fails to show that either the charge or the refusal of the plaintiff's point was excepted to, or that any exception was requested or granted to the refusal of plaintiff's motion for judgment non obstante. The provisions of the Act of April 22, 1905, P. L. 286, so far as material in the disposition of the motion to quash, are that "it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence, at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard. From the judgment thus entered either party may appeal to the Supreme Court or Superior Court, as in other cases, which shall review the action of the court below, and enter such judgment as shall be warranted by the evidence taken in that court." We are inclined to the opinion that the words "at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard," imply that the party shall request an exception; for why should an exception be entered if the party apparently, judging from his silence, is satisfied with the decision? This conclusion makes the practice analogous to the practice on refusal of a motion for judgment for want of a sufficient affidavit of defense, and of a motion for judgment non obstante veredicto on a question of law reserved. Appeals have been quashed or the assignments of error dismissed because there was no exception to the action of the court upon such motions. As to the first see Titusville Building & Loan Association v. McCombs, 92 Pa.

364; Commonwealth v. Fleming, 157 Pa. 644; Commonwealth v. Cavette, 23 Pa. Superior Ct. 57; Chambers v. McLean, 23 Pa. Superior Ct. 551, and as to the second, see cases cited in our opinion herewith filed in Philadelphia to use v. Bilyeu, 36 Pa. Superior Ct. 562. But whether a formal motion by the party to enter an exception be necessary or not under the act of 1905, the fact remains that the legislature in its wisdom has provided that there shall be an exception to the decision, and that in this case, none was entered. Undoubtedly the requirement was made for some reason which to the legislature seemed adequate, and it is not apparent why there is not as much reason for the requirement as in the decision of a motion for judgment for want of a sufficient affidavit of defense or a motion for judgment non obstante on a question of law reserved. At any rate, it is not within our province to say that that which the legislature has prescribed is a mere useless formality, the omission of which does not affect the right of review in an appellate court. If it be said that the party against whom the decision is rendered ought not to be prejudiced by the failure of the judge to do his duty, the answer is that the party has a remedy whereby he can compel him to grant an exception if he refuse to do so. Following the practice in analogous cases we are constrained to sustain the appellee's motion.

The appeal is quashed.