# Monongahela Natural Gas Company, Appellant, v. Ellwood Natural Gas & Oil Company.

*Appeals—Assignments of error—Order of the lower court—Exception.*

1. On an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, the order of the court below should be set forth in the assignment of error, and not merely counsel's summary of what the court did.

2. No appeal can be taken from an order discharging a rule for judgment for want of a sufficient affidavit of defense, unless an exception has been taken by the plaintiff to such order. Such an exception must be taken within a reasonable time, and if no exception has been taken until after the expiration of three years and after a trial, the appellate court will not consider the assignment of error.

*Contract—Natural gas—Minimum consumption.*

3. Where one natural gas company agrees in writing to sell to

another natural gas company gas at the rate of ten cents per 1,000 cubic feet, and the contract provides that "the above price is made on the minimum consumption of ten million cubic feet per month," the contract as properly construed entirely fails to fix a price for the gas, if the amount delivered is less than 10,000,000 cubic feet per month. In such a case the supplying company is not entitled to recover $1,000 for a month in which it supplied only 500,000 cubic feet. All that it is entitled to, at the most, is the market value of the quantity actually delivered.

Argued April 19, 1910. Appeal, No. 180, April T., 1910, by plaintiff, from order of C. P. Fayette Co., Dec. T., 1906, No. 334, discharging rule for judgment for want of a sufficient affidavit of defense, and from judgment on the verdict in case of Monongahela Natural Gas Company v. Ellwood Natural Gas & Oil Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for gas. Before UMBEL, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1) the action of the court in discharging the rule for judgment, and (2–7) portions of charge.

*J. G. Carroll*, for appellant.

*W. J. Sturgis*, with him *H. A. Cottom*, for appellee.

OPINION BY MORRISON, J., July 20, 1910:

The controversy in this case is over the construction of a contract entered into between the parties on May 30, 1905, as follows:

"The Monongahela Natural Gas Co. agrees to supply the said Ellwood Natural Gas & Oil Co., with gas through meter from a (6 inch) six inch connection from its main line in Centreville Borough, Washington County, Penna., for a period of One (1) day (this agreement shall continue

in force after the expiration of the term named until either party gives one days notice to terminate same, at the expiration of which time this agreement shall cease), at the price or rate of Ten (10c.) Cents per thousand cubic feet on a six ounce basis; payable monthly at the principal office of the Monongahela Natural Gas Co., South Side, Pittsburgh, Pa.; payment for each calender month's supply shall be paid within the first fifteen days of the succeeding month.

"The above price is made on a minimum consumption of Ten (10,000,000 cu. ft.) Million cubic feet per month.

"The Monongahela Natural Gas Company shall maintain its main or connection to its meter, and shall place on the premises and keep in order a recording gauge to keep a record of the pressure, the same to be averaged and the amount consumed to be computed from said recording gauge."

It is conceded that this contract was duly executed and delivered.

The plaintiff's declaration avers that the actual consumption of gas by the defendant for the month of January and the first ten days of February, 1906, was 529,855.9 cubic feet. But on the following sentence in the contract, to wit, "the above price is made on a minimum consumption of 10,000,000 cubic feet per month," the plaintiff claimed $1,000 for the month of January and $333.33 for the first ten days of February, although the gas actually delivered by the plaintiff to the defendant at ten cents per thousand cubic feet only amounted to $140.73. The defendant having filed an affidavit of defense in which it admitted the above amount, with interest thereon, to be due the plaintiff, and denying any liability for any greater sum, the plaintiff's counsel entered a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense. On argument of the rule, the learned court below held that defendant was liable only for the actual amount of gas consumed and directed judgment to be entered in favor

of the plaintiff for the sum of $150.35, with the right to plaintiff to proceed for the remainder of its claim. The above sum was made up of the price of the gas actually consumed and interest thereon. The plaintiff's counsel receipted to the defendant for the above judgment, interest and costs and declared the plaintiff's intention to proceed to trial for the balance of the original claim. The case was finally tried before the court and a jury and on January 21, 1908, the jury returned a verdict for the defendant. After a motion for a new trial had been argued, the court, on May 19, 1908, refused to grant a new trial and directed that judgment be entered on the verdict on payment of the jury fee, and on March 21, 1910, judgment was so entered.

The first assignment of error is as follows: "The court erred in its order of May 7, 1907, in directing judgment to be entered in favor of the plaintiff and against the defendant for $150.35, and in not directing judgment to be entered in favor of the plaintiff and against the defendant for the full amount of plaintiff's claim, for want of a sufficient affidavit of defense. (See Appendix, page 48, for order, and Appendix, page 41, for exhibit 'A' of plaintiff's statement, being the written contract upon which this suit was brought.)" The first defect in this assignment is that it does not set forth the order of the court but simply gives the counsel's summary or conclusion of what the court did. We think this assignment is in conflict with our rules. But in addition to that, under the Act of April 18, 1874, P. L. 64, the right to an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense rests on an exception to be taken by the plaintiff to such order. In this case the order was made May 7, 1907, and no exception was taken to it until March 23, 1910. It has been decided that if the plaintiff's counsel is present when such an order is made, he should have his exception noted at once, otherwise it should be done within a reasonable time: Titusville Bldg. & Loan Assn. v. McCombs, 92 Pa. 364; Patterson v. Roberts,

109 Pa. 42. In Com. v. Fleming, 157 Pa. 644, the Supreme Court said: "When a rule for judgment for want of a sufficient affidavit of defense is discharged in open court in the presence of the plaintiff's counsel, then is the proper time to except and request the court to seal a bill. If counsel are not in court when such rule is discharged, no judge should refuse to allow an exception and seal a bill within a reasonable time thereafter."

In the present case the record shows that instead of excepting to the order of the court in refusing to grant judgment for the full amount of plaintiff's claim, the counsel elected to go to trial for the balance of his claim, and the case was subsequently tried before a jury and on September 5, 1907, the jury was discharged because of a disagreement and the case was continued, and thereafter the case was again tried before a jury and a verdict rendered for the defendant on January 23, 1908, and the judgment thereon entered on March 21, 1910, and no exception was taken to the order of May 7, 1907, until March 23, 1910, about three years after the order was made and two days after the final judgment was entered on the verdict. It thus appearing that plaintiff's counsel was repeatedly in court engaged in conducting the case between the date of the order complained of in the first assignment and the entry of the final judgment, and not asking for an exception until after the final judgment, we think the exception was not taken within a reasonable time and it ought not now to be considered. We reach this conclusion without passing upon the question raised by counsel for the defendant that the plaintiff was bound to have taken his appeal from the order of May 7, 1907, within six months from that date.

It will be noted that that order granted judgment for $150.35, being the amount of plaintiff's claim with interest admitted to be due, and that the plaintiff was allowed to proceed as to the balance of its claim. While it is not necessary now to decide the point, it may be contended that said order was interlocutory and that if the plaintiff

had excepted to it within a reasonable time it might have been appealed from after final judgment. But upon the record as it stands we hold that the exception was not taken within a reasonable time and it cannot be considered.

The remaining specifications of error bear on the construction of the contract. We quite agree with the court below on the construction in the charge as quoted in the third specification. If the learned court had adhered to that construction, it would have required a binding instruction to the jury in favor of the defendant. We do not think the contract permitted the plaintiff to collect for any more gas than it actually delivered. If the defendant had taken the minimum quantity, or more, named in the contract, the price would have been ten cents per 1,000 cubic feet. Not having taken that quantity of gas, the plaintiff was entitled to collect the market value of the quantity actually delivered to the defendant. But the learned counsel for the plaintiff utterly repudiated this construction and insisted all through the trial on his right to collect for 10,000,000 cubic feet per month at ten cents per 1,000 cubic feet. This we think was not warranted by the contract. We do not agree with the court below that the contract was ambiguous and that it was proper to submit its meaning to the jury under oral testimony. Our construction of the contract is that it entirely failed to fix a price for the gas, if the amount delivered by the plaintiff was less than 10,000,000 cubic feet a month. We here remark that if the first specification rested on an exception taken in due time we would not have reversed the final judgment on that specification, because the order of May 2, 1907, granted judgment only for the amount admitted to be due and saved to the plaintiff the right to go to trial for the balance of its claim, and the plaintiff did not except to said order and appeal but went to trial, and if the gas actually delivered was worth more than ten cents per 1,000 cubic feet, such excess might have been proved and recovered for at the final trial.

The view we take of the case leads us to overrule the remaining specifications of error.

On the theory of the contract on which the plaintiff's counsel undertook to recover, the court ought to have ruled, as a matter of law, in favor of the defendant: Fox v. Foster, 4 Pa. 119; Zentmyer v. Mittower, 5 Pa. 403; Brown v. Nickle, 6 Pa. 390; Meckley's Est., 20 Pa. 478; Cochran v. Pew et al., 159 Pa. 184. But the result of the trial was a verdict in favor of the defendant and it is not complaining of the final judgment thereon.

Judgment affirmed.