# McConahy *v.* Western Allegheny Railroad Company, Appellant.

*Equity—Trespass—Injunction—Evidence.*

A court of equity will restrain by injunction the commission of a trespass which by reason of its character or the persistency with which it is repeated will become or threatens to become of a permanent nature.

On a bill in equity to restrain a continuing trespass, it is not incumbent upon the complainant to set forth in his bill the evidence upon which he relies to show that the trespass was committed on his land. Such evidence is admissible at the trial, although not set forth in the bill.

*Appeals—Assignments of error—Practice, S. C.*

An assignment of error which sets forth two distinct orders of court is in' violation of the rules of court.

An assignment of error which avers error in granting an injunction is insufficient if it does not set forth the decree itself.

Argued May 16, 1906. Appeal, No. 134, April T., 1906, by defendant, from decree of C. P. Lawrence Co., March T., 1906, No. 2, on bill in equity in case of Alexander T. McConahy v. Western Allegheny Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for an injunction. Before PORTER, P. J.
The facts are stated in the opinion of the Superior Court.

216 McCONAHY *v.* W. ALLEGHENY R. R. CO., Appellant.

Assignment of Errors—Opinion of the Court. [31 Pa. Superior Ct.

*Errors assigned* were (1–4) rulings on evidence; (5) decrees granting and continuing injunction setting forth both decrees and (6) that " the court erred in granting and in continuing the preliminary injunction to the final hearing."

*J. Norman Martin,* for appellant.—We submit that the bill does not contain sufficient averments to confer jurisdiction in equity: Fisher v. Philadelphia, 75 Pa. 392 ; Kennedy v. Skeer, 3 Watts, 95 ; Sheik v. McElroy, 20 Pa. 25 ; McBarron v. Gilbert, 42 Pa. 268 ; Wallace v. Elder, 5 S. & R. 143 ; Cahill v. Benn, 6 Binney, 99 ; Hunt v. McFarland, 38 Pa. 69 ; North Penna. Coal Co. v. Snowden, 42 Pa. 488 ; Norris's App., 64 Pa. 275 ; Tillmes v. Marsh, 67 Pa. 507 ; Duncan v. Iron Works, 136 Pa. 478 ; Thomas v. Hukill, 131 Pa. 298 ; Washburn's App., 105 Pa. 480 ; Grubb's App., 90 Pa. 228 ; Lewis v. Cocks, 90 U. S. 466.

*C. H. Akens,* with him *H. A. Wilkison,* for appellee.—The bill sufficiently describes the lands and distinctly informed defendant of the nature of the case it was called upon to meet. A statement of the facts is all that is necessary. It is not required that the bill contain the evidence of the facts: Winebrenner v. Colder, 43 Pa. 244 ; Barbey's App., 119 Pa. 413 ; Finley's Est., 196 Pa. 140 ; Walters v. McElroy, 151 Pa. 549 ; Keppel v. Lehigh Coal & Navigation Co., 200 Pa. 649 ; Riegel v. American Life Ins. Co., 153 Pa. 134 ; Bussier v. Weekey, 11 Pa. Superior Ct. 463 ; Mazet v. Pittsburg, 137 Pa. 548 ; Roanoke St. Ry. Co. v. Hicks, 5 Am. & Eng. Dec. in Equity, 483.

The fifth assignment offends against Rule XIV, as it embraces the decree of January 19, 1906, and the decree of February 5, 1906 : Erie City v. Grant, 24 Pa. Superior Ct. 109 ; Wabash Ave., 26 Pa. Superior Ct. 305.

This assignment does not quote or set out the order or decree of the court referred to : Benzinger Twp. Road, 135 Pa. 176 ; Landis v. Evans, 113 Pa. 332.

OPINION BY HENDERSON, J., June 30, 1906 :

The complaint set forth in the plaintiff's bill is that the defendant entered upon his land by repeated trespasses and is

erecting an abutment of a bridge and a roadbed thereon and that it threatens and intends to permanently hold and occupy that part of the plaintiff's land on which it is constructing its roadbed and erecting the abutment referred to. It is specifically averred that the trespass complained of was committed on the plaintiff's land at a place south of a piece of land 215 feet in width which the plaintiff had theretofore conveyed to the defendant and the evidence offered in support of the application for a preliminary injunction sustains the allegation of the bill. It is averred and not denied that the land south of that point is the property of the complainant and the evidence clearly shows that one of the abutments of the bridge in process of erection is more than 215 feet south of the north line of the plaintiff's original tract. The plaintiff's title to his land is not in dispute nor does it appear that there is any question as to the location of the south line of the land held by the defendant. It is not denied that the bridge abutment is more than 215 feet south from the north boundary of the plaintiff's land as he held prior to the conveyance to the defendant and a prima facie case of interference is, therefore, presented. It has passed beyond the range of debate that a court of equity will restrain by injunction the commission of a trespass which by reason of its character or the persistency with which it is repeated will become or threatens to become of a permanent nature. This is the uniform course of adjudication as will be seen by reference to many cases, among which are Masson's Appeal, 70 Pa. 26 ; Walter v. McElroy, 151 Pa. 549; Keppel v. Lehigh Coal & Navigation Co., 200 Pa. 649; Bussier v. Weekey, 11 Pa. Superior Ct. 463. The first four assignments of error relate to the admission of testimony. This evidence was competent under the bill and in direct support of the plaintiff's complaint. It was not incumbent on the appellee to set forth the evidence upon which he proposed to rely to show that the trespass was committed on his land, and his testimony and that of the surveyor that the pier was located south of the land conveyed by him was admissible. The fifth assignment violates rule XIV. in that it embraces two subjects, to wit : a decree of the court made January 19, 1906, and a decree made February 5, 1906, in one assignment and the sixth assignment does not contain the decree to which exception is taken. These assignments

might, therefore, be disregarded.  We are satisfied, however, that, on the case presented, the court was justified in making the order complained of.  As the appeal is from the granting of a preliminary injunction we refrain from entering into a discussion of the merits of the case.  That can be done if necessary after the defendant's case has been presented on final hearing.

The decree is affirmed and the appeal dismissed at the cost of the appellant.