## Smith *v.* Donahue, Appellant.

*Appeals—Assignments of error—Insufficient assignment.*

An assignment of error which merely avers that "the court erred in entering a decree for complainant," without setting forth the decree, violates Rule XIV.

*Deed—Description—Boundaries—Mistake as to quantity of land.*

Where a purchaser of land who has had an opportunity to see the visible boundaries on the ground, and to measure the property, accepts a deed and takes possession, he cannot thereafter refuse to pay the full amount of the purchase-money because the quantity of the land was less than that he had bargained for.

Argued April 12, 1915. Appeal, No. 26, April T., 1915, by defendant, from decree of C. P. Crawford Co., Sept. T., 1913, No. 1, on bill in equity in case of Wallace E. Smith v. Seth Donahue. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for specific performance of a contract to purchase land, and to enforce payment of purchase-money. Before PRATHER, P. J.

The complainant in his bill averred that he entered into negotiations with respondent for the sale of a house

424, (1915).]   Statement of Facts—Assignment of Error.

and lot in Venango Borough for $2,500.00 whereof $1,-
000.00 was to be cash and $1,500.00 secured by bond and
mortgage; that said negotiations were to be closed Nov.
1, 1912; that respondent was permitted to move into the
house before said date; that on said date the parties met
at the office of a justice of the peace, where the vendor
agreed to prepare a deed and the vendee agreed to exe-
cute a bond and mortgage according to terms stated;
that $150.00 had been paid by the vendee and $850.00
were to be paid in a few days; that the scrivener was to
hold the deed and mortgage until payment of said
$850.00; that the papers were executed by the parties;
that the respondent neglected to pay the $850.00 and ob-
tained possession of the deed by false representations.
That respondent was in possession of the property and
refused both to surrender the possession or to pay bal-
ance of the purchase-money; that complainant was like-
ly to suffer damage and loss in case respondent sold or
encumbered the property, and prayed for an injunction
and for specific performance of the contract.

The answer denied averments of fraud, admitted the
negotiations for the purchase; averred that complainant
represented the lot to contain three-fourths of an acre
when in fact there was only one-half an acre; that upon
discovery of said misrepresentation respondent rescinded
the agreement and declined to perform until complain-
ant should furnish the quantity of land respondent had
contracted to purchase.

The court found as a fact that the defendant visited
the premises, saw the visible boundaries, and had full
opportunity to measure the land.

The court entered a decree in accordance with the
prayer of the bill.

*Error assigned* was in entering a decree for complain-
ant, but not quoting the decree.

*Otto Kohler,* for appellant.

*Frank J. Thomas,* with him *Manley O. Brown,* for appellee.

Opinion by Trexler, J., July 21, 1915:

Rule XIV of our court provides, "each error relied on must be specified particularly and by itself." The assignment must be self-sustaining and not require a reference to other parts of the record: Com. v. Mackey, 34 Pa. Superior Ct. 1. The decree should be set out in the assignment: McConahy v. W. Allegheny R. R. Co., 31 Pa. Superior Ct. 215; Monongahela Nat. Gas Co. v. Ellwood Nat. Gas & Oil Co., 43 Pa. Superior Ct. 619. The assignment of error to the final decree entered by the lower court is not in compliance with the above rule. We quote it, "the court erred in entering a decree for complainant." An enforcement of the rule would put an end to defendant's appeal.

We think, however, on the merits the judgment of the lower court should be sustained. The plaintiff presented his bill in equity for specific performance of a contract for the sale of real estate and prayed that the defendant be directed to pay the sum of money due under the agreement. Defendant alleged that there was a mistake in the quantity of the land; that he had bargained for three-fourths of an acre and obtained but one-half of an acre. The lower court properly held that as the purchaser had seen the visible boundaries on the ground and had the opportunity of measuring the property, he was entitled to only the lands inclosed in the boundaries described in the deed. As far back as Smith v. Evans, 6 Binney 101, it was held that the purchaser by accepting the deed, and giving a mortgage closed the transaction as far as the quantity was concerned. This was followed in Large v. Penn, 6 S. & R. 486, where it was held that when a deed contained a description (1) by natural boundaries, (2) by reference to a former partition and (3) by quantity, the quantity was the least certain and must yield. Description of land by

quantity does not amount to a covenant that the land shall equal the quantity mentioned in the deed. It is to the boundaries the grantee must look, he has a right to all the land within them. That case has been followed by a number of others in which the same principle is repeated. Among our own cases are, Landreth v. Howell, 24 Pa. Superior Ct. 210; Phillips v. Crist, 33 Pa. Superior Ct. 445-450. We may add the defendant entered into possession, took the deed and made no effort to rescind the contract or surrender the title. In every aspect of the case, he is bound to pay the purchase-price agreed upon and can make no deduction therefrom, by reason of deficiency of the quantity of the land. The assignments of error directed to alleged error in the findings of facts by the court below are without merit. There is sufficient testimony to sustain the conclusions of the trial judge.

All the assignments are overruled, the decree of the lower court is sustained. Appellant for costs.