## Andrews v. Kissinger, Appellant.

*Deeds—Boundaries—Courses and distances—Monuments on the ground.*

In an action of ejectment where the deeds from a common owner to the plaintiff's and defendant's predecessors in title called for a line described as passing through the centre of a pump, and a subsequent survey showed that the call of the previous line in the deeds would not reach the "line through the centre of a pump," the position of the pump controls, and if at the trial it no longer exists, it may be shown that its location was on the line of a fence in existence at the time of the trial, and that such fence was on the "line through the centre of a pump."

The courses and distances in a deed give way to the boundaries found upon the ground, or supplied by proof of their former existence when marks or monuments are gone.

In an action of ejectment where a monument, called for in the deeds of both parties, has disappeared and an ambiguity in the courses and distances has been discovered by a subsequent survey, parol evidence is admissible to show that all the owners since the common owner, except the plaintiff, had recognized a fence existing at the time of the trial as controlling the line of their several holdings, and such evidence should be conclusive as to what was originally intended by the deeds from the common owner.

In an action of ejectment where the court has instructed the jury adequately on the law as it covered the facts as presented, the defeated party cannot complain that the trial judge failed to present other matters, if it appears that such party did not present requests for specific instructions as to such matters.

Argued Nov. 11, 1914. Appeal, No. 214, Oct. T., 1914, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1913, No. 14, on verdict for plaintiff in case of Franklin Andrews v. William M. Kissinger. Before

RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and
TREXLER, JJ.   Reversed.

Ejectment for land in the Borough of Lititz.   Before
HASSLER, J.

The facts are stated in the opinion of the Superior
Court.

The court charged in part as follows:

In the deed the line is described as passing through
the pump in a well along the line.   That is a monument
on the ground, and it would control over the measure-
ments in the deed, if there was any testimony to show
where that monument was.   The pump that was then
in the well has been described, and there has been no evi-
dence produced to show just where it is located.   So that
there is no monument on the ground, and the deed must
prevail, and as that deed calls for a line about two feet
north of where the fence now stands, it is the line in the
deed of both these parties, and the paper title to this two
feet of ground, or twenty-two and one-fifth inches, is in
the plaintiff.   In other words, the deeds allow the ground
in dispute here to the plaintiff, and if that were all that
were in the case, we would instruct you to find a verdict
in favor of the plaintiff.   (1)

The law, however, provides that where one is in contin-
uous possession, open, notorious, and visible, and that
possession is adverse for a period of twenty-one years,
such person shall acquire as good a title as though it
were conveyed by deed.   The defendant testified that the
fence is on the same line that it was before he erected a
new fence there.   Five or six witnesses, Dr. Evans, Mr.
Seaber, Meiskey, Young, Sturgis and Reidenbach have
been called, and testified that the fence is now where it
was for the last twenty-five or thirty years.   If that is
the fact, and the ground in dispute has been on the de-
fendant's side of the fence, he has shown to you a title
by adverse possession, and would be entitled to a verdict
at your hands.   If you find that the fence is not and has

not been located in its present place for that period of time, then your verdict would have to be in favor of the plaintiff, as he has the paper title.   (2)

Defendant presented this point:

"1. The boundary line is controlled by the monuments upon the ground, and, in this case, the title deeds for both properties show that the boundary line between the property of the plaintiff and the property of the defendant passes on a line through the center of a pump or well which pump or well is a monument upon the ground and indicates where the division line between the properties is, and courses and distances must yield to the same, it being a monument upon the ground.

"Answer: Refused."   (4)

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned,* inter alia, were (1, 2, 4) above instructions quoting them.

*B. F. Davis,* with him *W. S. Buch,* for appellant.—The monument on the ground controls: Lodge v. Barnett, 46 Pa. 477; Burkholder v. Markley, 98 Pa. 37.

*H. Frank Eshleman,* with him *M. G. Schaeffer,* for appellee.—The pump is not a monument and its location cannot be preserved as a monument unless the exact distances from the well-wall or other immovable object were taken, at the time of the delivery of the deed; and were preserved: Cox. v. Freedly, 33 Pa. 124; Grier v. Penna. Coal Co., 128 Pa. 79; Fuller v. Weaver, 175 Pa. 182.

OPINION BY KEPHART, J., October 11, 1915:

Plaintiff brings this action of ejectment to recover twenty-two inches of ground from the defendant.   Both parties claim under a common source of title.   In 1879 the defendant's predecessor in title secured a deed from

the owner of the entire piece of ground, which deed contained the following calls: "Thence......fifteen degrees and a quarter west thirty-nine feet to a post, and thence by a line through the center of a pump......," and also contained the following reservation: "It being reserved that the pump and well situate on the line of the part of the lot hereby conveyed and that retained by the grantor thereof, is to be forever owned in common by the owners of the two parts, to be by them mutually used......" The plaintiff's title, through the same source, out of the same owner, contained this language: "Northward ......twenty-five feet (more or less) to a post; thence eastward and by a line through the center of a pump," and the following stipulation: "The pump and well situated on the line and part hereby conveyed and that heretofore sold to Ida Cecilia Hall, now deceased, is to be forever owned in common by the owners of the two, and to be by them mutually used......"

When the survey was made of the defendant's portion of the land sold to him, the call of thirty-nine feet would not reach a "line through the center of a pump," and the plaintiff's deed being for twenty-five feet, more or less, was continued to meet the actual measurement of the defendant's thirty-nine foot line, which included twenty-two inches of land claimed by defendant. This action of the plaintiff's gave rise to the present action of ejectment. Plaintiff contends that the line through the center of the pump had been lost as a monument if it ever existed, and that the geometrical lines in the deed should control the boundaries of land owned by the defendant. The main question, therefore, was the location of this pump, or the line through the center of the pump. On this the court charged the jury as follows: "The pump that was then in the well has been described, and there has been no evidence produced to show just where it is located. So that there is no monument on the ground, and the deed must prevail, and as that deed calls for a line about two feet north of where the fence now stands, it is the line

in the deed of both these parties, and the paper title to this two feet of ground, of twenty-two and one-fifth inches, is in the plaintiff. In other words, the deeds allow the ground in dispute here to the plaintiff." After careful examination of the testimony we are satisfied that the learned court committed error in so holding. This land, as stated above, was originally a full lot, and when the grantor sold off the first portion of it to the defendant, he selected the pump as a monument through which a line was run, which line was to be the southern line of the defendant's property. A reservation carefully providing for the use, by the owners, of a well located on either side of this line, secured to both pieces a water supply. The fence was in existence in 1879, when the deed was made, as was an old fashioned pump about ten inches in diameter. The pump had been taken down some time prior to the day of trial, but this fact would not deprive the defendant of the benefit of his grant if the existence and location of this pump as it was in 1879 could be established by competent evidence. "The courses and distances in a deed give way to the boundaries found upon the ground, or supplied by proof of their former existence, when the marks or monuments are gone": Morse v. Rollins, 121 Pa. 537. This evidence becomes admissible to explain an ambiguity which, as we read the deed, does not appear in the description. It is, however, a latent ambiguity. The parol evidence showed a mistake when the unambiguous description was applied to the supposed monument on the ground. It is evident that the thirty-nine feet called for was short of the distance intended to be given and if that monument can be established, it, of course, would control: Pringle v. Rogers, 193 Pa. 94.

To establish the location of the monument now gone, we have testimony that the fence as it existed in 1879 is practically the fence as it exists to-day in its present location. This statement is followed by the testimony of many other witnesses who, from 1880 to the

time the old pump was destroyed, fix this same fence as centering this pump.   The logical deduction from this evidence would be that the fence as it exists at the present time was the "line through the center of a pump." It was not necessary to establish this fact beyond a reasonable doubt: Rook v. Greenewald, 22 Pa. Superior Ct. 641.   This evidence, if believed by the jury, was sufficient to establish the location of the pump at the time the deed was made, and that the fence now standing was the line in dispute.

There is another light in which this testimony bears forcibly in defendant's favor.   From the time the first of these conveyances was made, more than thirty-five years ago, until the present plaintiff acquired the other portion of this property, there were no disputes whatever as to this fence being the line between the properties. The common grantor, out of whom this title sprung, owned plaintiff's part of the property for some time after he conveyed to defendant's predecessor.   The fence fixing this line was then in existence and regarded as such without complaint from this same owner.   When the ambiguity is discovered through a survey, and parol evidence is introduced to carry out the grantor's intention, this testimony develops that all the owners since the common owner, except this plaintiff, recognized this fence as controlling the line of their several holdings. Their acts showing how they regarded and construed the language in their deeds, continuing for a period of upwards of forty years, should be conclusive evidence as to what was originally intended.

If any error was committed by the court below with respect to the claim of adverse possession and the court's instruction to the jury thereon, the defendant cannot complain.   He should present requests for specific instructions, on the law as he views it, to the trial court, if he wishes the court to charge thereon.   The court instructed the jury adequately on the law as it covered the facts as presented.   The court did not err in sending out

the plaintiff's plan with the jury. Such matters are necessary and helpful in arriving at a correct conclusion and within the discretion of the trial court unless that discretion be abused. The remaining assignments of error have been discussed in this opinion.

The first assignment of error is sustained, the judgment is reversed, and a venire facias de novo awarded.