## Over *v.* Lindsay, Appellant.

*Deeds—Real property—Interlineations—Courses and distances— Monuments—Conflict—Case for jury—Ejectment.*

1. An interlineation shown to have been made before the execution of a deed takes its place as part of the instrument.

2. It is an established rule in Pennsylvania that courses and distances must always give way to monuments on the ground.

3. When an old deed calls for a public road as a boundary line it is for the jury to find where such road was located at the time of the conveyance.

4. In an action of ejectment it was disputed whether the land claimed by plaintiff was included in a conveyance of a larger tract of land made by the common source of title of plaintiff and defendant.   The deed with interlineations which were made before

its execution, contained courses and distances describing the location of the land as contended by defendant, but referred to a public road as a boundary. There was evidence that such road was so located as to fix the boundaries of the land as contended by plaintiff. The trial judge submitted the case to the jury, and judgment on a verdict for plaintiff was affirmed.

Argued May 2, 1916.   Appeal, No. 124, Jan. T., 1916, by defendant, from judgment of C. P. Blair Co., March T., 1913, No. 150, on verdict for plaintiff, in case of Virginia Over, Mary Myers, Ella G. Fry and William M. Over v. Walter E. Lindsay.   Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Ejectment for a parcel of land in Blair County.   Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for the land in dispute and judgment thereon.   Defendant appealed.

*Errors assigned* were instructions to the jury.

*J. H. Craig,* with him *T. H. Greevy,* for appellant.— The rule that calls for monuments in a deed control distances is inapplicable: White, et al., v. Luning, 93 U. S. 514; Security Land & Exploration Co. v. Burns, 193 U. S. 167; Williston v. Morse, 51 Mass. 17, 26-7; Baldwin v. Brown, 16 N. Y. 359; Buffalo, N. Y. & Erie R. R. Co. v. Stigeler, et al., 61 N. Y. 348; Higginbotham, et al., v. Stoddard, 72 N. Y. 95; Chisholm v. Thompson, 233 Pa. 181.

The charge to the jury was misleading.

*Marion D. Patterson,* with him *B. F. Warfel,* for appellees.—The location of disputed boundaries or descriptions is for the jury: Daley v. Wingert, 210 Pa. 169; Richardson v. Morris, 26 Pa. Superior Ct. 192; Rook v.

Greenewald, 22 Pa. Superior Ct. 641; Miles Land Co. v. Hudson Coal Co., 246 Pa. 11; Montelius v. Montelius, 209 Pa. 541; Watkins, et al., v. King, 118 Fed. Repr. 524; Cake v. Sunbury Boro., 43 Pa. Superior Ct. 95; Kime, et al., v. Polen, et ux., 8 Atlantic Repr. 783; Deppen v. Bogar, 7 Pa. Superior Ct. 434.

Courses and distances give way to monuments: Rook v. Greenewald, 22 Pa. Superior Ct. 641; Richardson v. City of McKeesport, 18 Pa. Superior Ct. 199; Andrews v. Kissinger, 60 Pa. Superior Ct. 599; Miller v. Cramer & Cure, 190 Pa. 315; Phillips v. Crist, 33 Pa. Superior Ct. 445; Miles Land Co. v. Hudson Coal Co., 246 Pa. 11; Felin v. Philadelphia, 241 Pa. 164.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

This is an action of ejectment for a triangular piece of land in Hollidaysburg, of which Henry B. Martin is the common source of title. In 1864 he was the owner of a tract of land in said borough containing about nine acres; and that year made a deed to Hugh McNeal for the easterly part of said tract, the description therein as originally drawn being as follows, viz:

"All that lot or parcel of ground or lots or parcels of ground situated in the Borough of Hollidaysburg in the County and State aforesaid. Described and Bounded as follows namely, On the West by a line running North in the center of the Public Road leading from Hollidaysburg to Brush Mountain, the bed of said public road being upon Penn Street of said Borough. On the North by lots of Hugh Craig. On the South by lots of Chauncey & Biddle and Charlotte Irwin. On the East by lands of James M. Bell, Esq. The said lot or lots, parcel or parcels of ground to extend on the West side to the middle of said Public Road and to contain four and one-half acres more or less, said lot or lots, parcel or parcels of ground, being the Eastern part of a larger tract of land conveyed by Thomas J. Moore, by deed dated the

25th day of April, A. D. 1863......." To which before execution the following was added by interlineation:

"The said lot or lots being seven hundred and fifty-five feet wide at both ends of the said tract of land, the points of beginning being on the dividing line of the lands of James M. Bell, Esq., aforesaid and the Borough of Hollidaysburg and extending to the middle of Penn Street above mentioned and including Jones Street of said Borough."

By sundry conveyances the McNeal title became vested in defendant in 1890. The title to the balance of said tract became vested in James Gardner by sheriff's deed in 1871; and through him by sundry conveyances plaintiffs derive title.

In 1864, Pine Street on the south of said nine-acre tract, Hickory street on the north and Jones street on the east thereof, were well defined public highways. Said nine-acre tract was also divided by a street, which crossed Pine street at right angles and a short distance north thereof turned slightly towards the east and thence extended across Hickory street and passed into the adjoining township. South of said turn or bend in the street it was admittedly known as Penn street, and north thereof as Brush Mountain road, and plaintiff's evidence tends to show also as Penn street, at least until it reached the township line. Plaintiff's contention being that so much of the road as was in the borough was known as Penn street and that the part north of the bend was also known as part of the Brush Mountain road.

In 1893 a street railway was constructed in Penn street, and at the same time this street was extended, in line with the south part thereof, and opened for travel as far north as Hickory street. This left a triangular piece of land facing about 86 feet on the south side of Hickory street, and lying between the center of the old Brush Mountain road and Penn street as thus opened; which is the land here at issue. It does not appear when

if ever this north end of Penn street had been formally established by municipal action, but in 1877 John Brawley, a surveyor, made a plot of that part of said tract lying west of the Brush Mountain road for plaintiff's father, George W. Over, in which Penn street is shown of the width of 70 feet, and as it now is on the ground. This map was recorded in 1884. However, there is nothing to indicate that said street appeared on any plot or was in contemplation as far back as 1864. The center line of Penn street as now open is parallel with the west line of the James M. Bell property and 745 feet therefrom.

By a deed in plaintiffs' chain of title, executed in 1881, from James Gardner to George W. Over, the land therein conveyed is bounded on the east by Penn street; but quitclaim deeds from the Gardner heirs to plaintiffs were offered in evidence at the trial, expressly including said triangle. In 1895 the Brush Mountain road between Hickory and Penn streets was vacated. The evidence tends to show that for some years prior to 1890 plaintiffs' predecessors in title exercised dominion over the land in question. Defendant also set up a claim of title by adverse possession, which, with the question of the location of monuments on the ground, etc., was submitted to the jury, who found for plaintiffs.

In our opinion that part of the description in the McNeal deed which was interlined should be read in connection with the balance, and the whole construed together. It seems to be something added to make more specific that which was previously written. The entire deed is one act and speaks as of one date, and is intended to express the final thought of the grantor. An interlineation, properly explained as was this, takes its place as part of the instrument.

Construing this deed in the light of all the evidence, the learned trial judge could not properly have directed a verdict for defendant on the assumption that as matter of law the description carried the west line of the

land included therein to the present center line of Penn street. True, the distances called for would thereby be satisfied, and are not by treating the Brush Mountain road as the western boundary. Had Penn street been opened in 1864, where it now is, possibly such conclusion would have been justified. But at that time, so far as appears, there was no Penn street in existence, or in contemplation, north of the bend in the street, except as the Brush Mountain road was so called.

The west line is "the center of the public road leading from Hollidaysburg to Brush Mountain, the bed of said public road being upon Penn street of said borough. ......The said lot or lots, parcel or parcels of ground to extend on the west side to the middle of said public road." Here is a call for a monument on the ground, to wit, the center of a public road leading from the borough to the mountain and in the bed of a street. How could it be said as matter of law that it referred to a line where there was then no street or road whatever? Especially in view of the evidence that said road, so far as in the borough, was then known as Penn street. As thus understood the center of the road would be in the bed of that street. But it is difficult to see how there could be the center of a public road in the bed of a street, where there was neither a street nor a road. The further description refers to the western boundary as the middle of Penn street, and the jury found that by "Penn street" the Brush Mountain road was intended. It is perhaps a slight circumstance in favor of plaintiffs that Jones street is expressly mentioned as included in the land conveyed, while no mention is made of the Brush Mountain road as being also included, as it would be under defendant's contention.

True, the call is for lines of equal length, to wit 755 feet at both ends of the tract, each beginning at the said Bell line, and that is strongly in favor of defendant, as it indicates a west line parallel with the east, and also brings such line within the limits of Penn street as it

now is and as the south end then was.    But the rule that courses and distances must always give way to monuments on the ground is supported by an unbroken line of decisions in this State and cannot be shaken.    We refer only to: Morse v. Rollins, 121 Pa. 537;  Miller v. Cramer & Cure, 190 Pa. 315;  Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92;  Andrews v. Kissinger, 60 Pa. Superior Ct. 599.

And where the boundaries are, is also a question of fact for the jury: Miles Land Co. v. Hudson Coal Co., 246 Pa. 11, 21;  Rook v. Greenewald, 22 Pa. Superior Ct. 641.

Here clearly a public road was intended as the western boundary; which road it was and where located, were questions of fact for the jury under the evidence.    When an old deed calls for a public road as a boundary line, it is for the jury to find where such road was located at the time of the conveyance.    And this rule applies both to the deed of 1864 from Martin to McNeal, and to the deed of 1881 from Gardner to Over.

We find no substantial defect in those parts of the charge to which error is assigned.    The excerpt embraced in the second assignment of error seems to be a part of what the trial judge stated as plaintiffs' contention, and not his own conclusion on the merits of the case.

The assignments of error are overruled and the judgment is affirmed.