## Commonwealth ex rel. *v.* Bird, Appellant.

*Agricultural societies—County contribution—Statutes — Repeal*
*—Acts of March 29, 1851, P. L. 289, and June 13, 1907, P. L. 702.*

The Act of March 29, 1851, P. L. 289, providing for an annual payment to agricultural societies of an amount not to exceed $100 by county commissioners is not repealed by the Act of June 13, 1907, P. L. 702, or any later legislation on the subject.

The requirement of the Fifth Section of the Act of 1851, is not a condition precedent to secure the premium mentioned in the act. Its omission from a case stated to determine whether the Act of 1851, had been repealed, is, therefore, not of vital consequence.

*Appeals—Assignments of error—Decree of court—Case stated.*

An assignment of error which does not set forth the decree of the court in a case stated, is not in accordance with Rule XIV of the Superior Court, and will not be considered.

Argued Nov. 19, 1917.   Appeal, No. 3, Oct. T., 1917, by defendants, from judgment of C. P. Bradford Co., Dec. T., 1915, for plaintiff on case stated in suit of Commonwealth ex rel. The Bradford County Agricultural Society v. George N. Bird and Jesse L. Ellsworth, Surviving County Commissioners of Bradford County.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Case stated to determine whether the Act of March 29, 1851, P. L. 289, relating to county contributions to agricultural societies was repealed by the Act of June 13, 1907, P. L. 702, and its amendments.

502   COMMONWEALTH ex rel. *v.* BIRD, Appellant.

Assignment of Error—Opinion of the Court. [69 Pa. Superior Ct.
The court entered judgment for plaintiff.

*Error assigned* was in the following form:

The court erred in directing a judgment of $100 in favor of the relator, the use-plaintiff, and against the defendant, and the opinion and the decree directing the entry of said judgment, together with the exception thereon, are hereby adopted as part of this assignment as if herein again printed and at large.   (Pages 9-17.)

*Rodney A. Mercer,* for appellants.—The Act of 1857, was repealed by the Act of 1907: Nusser v. Com., 25 Pa. 126; Johnston's Est., 33 Pa. 511; Com. v. Fayette County R. R. Co., 55 Pa. 452; Keller v. Com., 71 Pa. 413; Somerset v. Stoystown Road, 74 Pa. 61; Rhoades v. Hoernerstown B. & S. Assn., 82 Pa. 180; Bourguignon Building Assn. v. Com., 98 Pa. 54; Best v. Baumgardner, 122 Pa. 17; Com. ex rel. v. Macferron, 152 Pa. 244; Fort Pitt Building & Loan Assn. v. B. & L. Assn., 159 Pa. 308; Quinn v. Cumberland County, 162 Pa. 55; Com. ex rel. v. Weir, 165 Pa. 284; Gilchrist v. Strong, 167 Pa. 628; Fenner v. Luzerne County, 167 Pa. 632; Com. v. Mann, 168 Pa. 290; Bennett v. Norton, 171 Pa. 221; Frain v. Lancaster County, 171 Pa. 436; Chalfant v. Edwards, 176 Pa. 67; Felts v. Del., L. & W. R. R. Co., 195 Pa. 21; Jenkins v. Scranton, 202 Pa. 267; Penna. R. R. v. Bogert, 209 Pa. 589; Harrisburg v. Harrisburg Gas Co., 219 Pa. 76; Day v. Swanson, 236 Pa. 493; Long v. Phillips, 241 Pa. 246; York Water Co. v. York, 250 Pa. 115; Com. v. Moore, 255 Pa. 402; Com. v. Lloyd, 2 Pa. Superior Ct. 6; Emsworth Borough, 5 Pa. Superior Ct. 29; Hays v. Cumberland County, 5 Pa. Superior Ct. 159.

*J. Roy Lilley,* with him *William P. Wilson,* for appellee.

OPINION BY KEPHART, J., April 22, 1918:

Section 4 of the Act of March 29, 1851, P. L. 289, provides as follows: "That when any number of individuals

shall organize themselves into an agricultural or horticultural society, or any agricultural or horticultural society now organized within any of the counties of this Commonwealth, shall have adopted a constitution and by- · laws for their government, elected their officers and raised annually by the voluntary contribution of its members any sum of money which shall have been actually paid into their treasury for the purpose of being disbursed for the promotion of agricultural knowledge and improvement, and that fact be attested by the affidavit of their president and treasurer, filed with the commissioners of the county, the said county society shall be entitled to receive annually, a like sum from the treasurer of their said county: Provided, That said annual payment out of the county shall not exceed one hundred dollars: Provided further, That but one such society in any county shall be entitled to receive such appropriation in any one year under this act." This was later followed by the Act of 1907, P. L. 702, Section 1 of which provides: "That the board of county commissioners of the several counties of this Commonwealth, for the purpose of encouraging agriculture and the holding of annual exhibitions of farm products, are authorized and shall pay annually, by warrant drawn upon the county treasurer, the sum of one thousand dollars ($1,000) to the incorporated County Agricultural Association, paying premiums upon exhibits,—exclusive of premiums on trials of speed,—holding in their county an annual agricultural exhibition, in the interests of stock-raising, grain, poultry, handiwork, fruits, dairy products, et cetera, for a period of not less than four consecutive days, upon the filing with the county commissioners of a sworn statement as provided for in section two of this act: Provided, That, in case there is more than one claimant in any one year for said fund, the county commissioners shall apportion and divide said one thousand dollars among the several claimants, according to the amount of

premiums on agriculture, stock, fruit, and other ex-
hibits,—exclusive of premiums on speed,—actually paid
by each claimant at the last fair held by said claimant
. ......"

It is urged by the counsel for the appellants that the
latter act repeals all prior acts dealing with the subject
of premiums to agricultural associations.

The appellee is an incorporated association.   It filed
its claim in the present proceeding under the terms of the
Act of 1851.   This act, it will be observed, had for its
object matters which, though they might be in common
with the purposes of the Act of 1907, were not restricted
by the conditions imposed by that act.   The Act of 1851
seems to contemplate an association, whether incorpo-
rated or not, which had for its purpose the advancement
and exploitation of agriculture and horticulture.   Such
associations were not limited in the manner in which
they were to spend their money to attain this object.   It
might be spent for lectures, or for meetings for instruc-
tion or enlightenment on the subject; or it might be ex-
pended in any way so that the result brought to the at-
tention of those interested the purpose of the act.   These
societies coming under this act, by enlarging their sphere
of activity, may become entitled to the benefits of the Act
of 1907.   To do so it is necessary for them to hold an
agricultural exhibition.   This is not covered by the Act
of 1851.   The Act of 1907 was enacted for the purpose
of encouraging agriculture and holding exhibitions of
farm products.   We are, therefore, of the opinion that
the Act of 1907 does not repeal the Act of 1851, nor do
the various supplements of the Act of 1907 affect the
question herein involved.   It is scarcely necessary to
quote the principles governing the interpretation of the
statutes where the purposes are so obvious as those pre-
sented by the two acts.   The Act of 1907 does not at-
tempt to legislate on the whole subject-matter of the
former statute.   The requirement of the fifth section of
the Act of 1851 is not a condition precedent to securing

the premium mentioned in the act. Its omission from the case stated is, therefore, not of vital consequence.

The assignment of error is not in accordance with Rule XIV of this court, which provides that "Each error relied on must be specified particularly and by itself." An assignment of error which does not set forth the decree of the court in a case stated is not in accordance with Rule XIV of this court: McConahy v. W. Allegheny R. R. Co., 31 Pa. Superior Ct. 215; M. N. Gas Co. v. E. N. Gas & Oil Co., 43 Pa. Superior Ct. 619; Smith v. Donahue, 60 Pa. Superior Ct. 424. The assignment, stating in general language what the court did without incorporating the decree as found in the record, is not sufficient. In addition to this, the appeal cannot. be sustained on the merits of the case.

The decree of the court below is affirmed.