## Mylin, Appellant, *v.* Hetrick.

*Real estate—Sales of—Covenants—Description—Inspection.*

In an action of assumpsit, to recover damages for breach of covenants in a deed, it appeared that the deed called for a depth of 108 feet, 6 inches, more or less, to a 14 feet wide alley. It also appeared that the actual depth of the lot was 100 feet on one side and 106 feet on the other, and that the vendee had inspected the premises before he bought it and viewed the monuments showing the extent thereof. Under such circumstances, there can be no recovery.

In the same manner the vendee cannot be reimbursed for the closing of an alley, where he failed to prove that the party who deprived him of it had a superior right to that which he acquired from the plaintiff.

Argued November 12, 1923. Appeal, No. 263, Oct. T., 1923, by plaintiff, from judgment of C. P. Lancaster Co., Dec. T., 1922, No. 42, refusing to strike off judgment of nonsuit in the case of John C. Mylin v. John N. Hetrick and Irene G. Hetrick. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for breach of covenants in a deed. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was, among others, in refusing to strike off nonsuit.

*J. Andrew Frantz,* for appellant, cited: 9 Corpus Juris 153 a and 168, section 32; 18 Corpus Juris 289; Airey v. Kunkle, 7 Pa. Superior Ct. 112; Bloom v. Ferguson, 128 Pa. 362; Platt v. Jones, 43 Cal. 219; 21 Corpus Juris, (Estoppel) 1067, section 26; Lumber Co. v. Bristol, 250 Pa. 61; Root v. Crock, 7 Pa. 378.

*John M. Groff,* for appellee, cited: Rodgers v. Olshoffsky, 110 Pa. 147; Greenawalt v. Horner et al., 6 S. & R. 71; Patterson v. Arthurs, 9 Watts 152; Baker v. Manley, 203 Pa. 191.

OPINION BY TREXLER, J., February 29, 1924:

This is an action in assumpsit to recover damages for breach of covenants in a deed. The defendant deeded to the plaintiff a lot in the City of Lancaster known as No. 809 East Orange Street. The property was described as having a width of sixteen feet on East Orange Street with a depth of that width "one hundred and eight feet and six inches, more or less, to a fourteen feet wide common alley." The actual depth of the lot was 100 feet on one side and one hundred and six on the other. The plaintiff claims that not only in the depth of the lot was there a discrepancy between the description in the deed and the actual extent of the lot, but that there was no alley in the rear. The learned trial judge entered a nonsuit, giving as his reason that the purchaser "knew just what he was buying before he paid for it. He got all that he bought as he saw what he was buying, and only what he did buy as the words more or less show that the measurement of the depth of the lot as mentioned in the deed might not be exactly the number of feet stated." If

these statements are supported by the evidence, the conclusion arrived at was right. Where the contract is fully executed and the purchase money paid, the transaction cannot be ripped up without actual proof of fraud or mutual mistake in an essential point. The plaintiff bought the property on inspection, and the deficiency is clearly insufficient, standing alone, to justify submitting the question of fraud or mutual mistake to a jury: Rodgers v. Olshoffsky, 110 Pa. 147; Landreth v. Howell, 24 Pa. Superior Ct. 210. He received all the property within the boundaries set out in the deed: Large v. Penn, 6 S. & R. 488; Keen v. Eaby, 254 Pa. 273; Smith v. Donahue, 60 Pa. Superior Ct. 424. The words "more or less" in connection with the length of the lot would lead one to conclude that the quantity between the front and rear lines was in the minds of the parties rather than the exact measure of the depth. See Rodgers v. Olshoffsky, supra; Coughenour's Adm'rs v. Stauft, 77 Pa. 191. Looking at the testimony we find that the appellant deposed that he went on the ground, "I examined it. I saw there was a gate there, and I saw there was an alley there. There was a right-of-way for an alley, a passage for some one to get in and out at the rear." The following day he paid for the deed. This shows conclusively that the plaintiff exercised his right of inspecting the property before he bought it and saw the visible monuments on the ground defining its extent.

In regard to the alley the matter presents a different phase. It appears that after plaintiff had acquired the property a neighbor built his fence out where the alley was, claiming that the alley was his property. He answered in the affirmative the question, "Is it not a fact that you moved your yard back 15 or 16 feet and closed up what was there as an alley when you bought your property?" Hill, the party, who bought the property in question from the plaintiff testified that the fence was built and the alley was closed since he bought it. If the plaintiff, having received the property with the alley

bounding it on the rear was subsequently deprived of the use of the alley by his neighbor putting a fence across it, before he may hold the defendant by reason of the breach of covenant in the deed, he must show that the party who deprived him of the use of the alley had a superior right to that which the plaintiff had acquired from the defendant, and this he failed to do.

The judgment is affirmed.