Albert *v.* Schenley Auto Sales, Inc., Appellant.

Argued October 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Samuel M. Rosenzweig,* for appellant.

*Samuel J. Goldstein,* for appellees.

OPINION BY MR. JUSTICE BELL, November 24, 1953:

Plaintiffs brought an action of assumpsit to recover damages for alleged breach of a written contract to purchase certain real estate. Defendant filed an answer denying the breach and asserted a counterclaim for damages for failing to give a deed to all the property described in the agreement of sale.

The agreement of sale entered into between the parties on February 9, 1949, contains a description of the

real estate as follows: "ALL THAT CERTAIN piece or parcel of ground situate in the 32nd Ward of the City of Pittsburgh fronting 50 feet more or less on Saw Mill Run Boulevard, *extending back a depth of 146 feet more or less to a line** having erected thereon a one story cement block garage building, and being *better known as No. 2015 Saw Mill Run Boulevard,* and being better described in owner's Deed of Record recorded in the Recorder's Office of Allegheny County, Pennsylvania." A closing date was set for March 15, 1949, but due to certain defects in the title, the parties entered into a supplemental agreement which extended the closing date to October .15, 1949. The defendant went into possession on April 1, 1949, and assumed all taxes on the property from that date. The plaintiffs cleared the defects in the title and tendered a deed describing the property as extending back a depth of *109.06 feet* on one side and *107.41 feet* on the other side. The defendant refused to accept the deed and after several months' occupancy vacated the premises. Plaintiffs sold the property at a loss of $3000. and instituted the present suit to recover this loss. The jury returned a verdict in favor of the plaintiffs. Defendant filed a motion for a new trial and for a judgment n.o.v. which will be considered separately. Defendant has appealed, of course, from the judgment entered on the verdict.

The first question that arises is whether the agreement was clear or ambiguous and obscure. Expressing it another way, did the parties intend in and by the agreement (a) to buy and sell a piece of ground fronting 50 feet more or less on Saw Mill Run Boulevard, extending back in depth 146 feet more or less to a line, and *if so, what and where was the line;* or did they

---

* Italics throughout, ours.

intend (b) to buy and sell premises known as 2015 Saw Mill Run Boulevard as it was "better described in owner's Deed of Record recorded in the Recorder's Office of Allegheny County"; or did they intend (c) to buy and sell "premises known as 2015 Saw Mill Run Boulevard" and *if so, what was the exact premises intended to be actually conveyed?*

In *O'Connell v. Cease,* 267 Pa. 288, 293, 110 A. 266, the Court said: "Undoubtedly real estate may be described by reference to a plan, a plot, a lot number, or a prior conveyance, or by name, such as 'Hotel Duquesne property' (Henry v. Black, 210 Pa. 245) ; 'The Fleming Farm on French Creek' (Ross v. Baker, 72 Pa. 186) ; 'The Byers place' (Ranney v. Byers, 219 Pa. 332) ; or by other sufficient identification (Haupt v. Unger, 222 Pa. 439; Felty v. Calhoon, 139 Pa. 378)."

The agreement of sale is not clear and the record, unfortunately for all parties concerned, is meager. We do not know from the written agreement *what line* was referred to, or what the boundaries of the premises were in the original deed which was recorded in Allegheny County, since this deed does not appear in the record in this case! The written agreement being ambiguous, parol evidence is admissible to clarify it and to show the intention of the parties: *Waldman v. Shoemaker,* 367 Pa. 587, 591, 80 A. 2d 776; *Security Trust Company v. Stapp,* 332 Pa. 9, 13, 1 A. 2d 236; *Kittanning Coal Co. v. Moore,* 362 Pa. 128, 66 A. 2d 273. Cf. also: *Over v. Lindsay,* 255 Pa. 283, 289, 99 A. 805.

With reference to defendant's motion for judgment n.o.v., plaintiffs must be given the benefit of all conflicts in the testimony and all reasonable inferences therefrom: *Druding v. Phila.,* 374 Pa. 202, 97 A. 2d 365.

In the light of this principle, the jury could have properly found the following facts: Mr. Albert, the husband-plaintiff, and Milton Weisenberg, president

of the defendant, on February 9, 1949, went out to inspect the lot in question. Defendant was considering buying the lot to show and store cars which he obtained in trade-ins, (resulting from the sale of new automobiles). Plaintiff pointed out the frontage of the property and how far it extended in depth, and in particular *pointed out certain surveyor's pegs, a pole and an old stationary truck, as well as the physical boundaries of the lot.* No mention was made at this time by either party as to the actual size or dimension of the lot. After Weisenberg completed his inspection, some bargaining ensued as to the price, which was finally agreed upon at $11,500. The parties then went to the office of plaintiffs' attorney for the purpose of drawing an agreement of sale. Plaintiff did not have a deed to the property with him and none of the parties knew the depth of the lot. The description of the lot was taken from a sketch prepared for the plaintiff by the builder of the one story garage erected thereon, which described the property as being 137 to 144 feet in depth. Even this sketch was not made a part of the record in this case, so that we do not know what, if any, boundaries were shown thereon. It must be obvious that the absence of the original recorded deed and of the sketch handicaps us tremendously in deciding this close case.

Defendant contends that it intended to buy the premises upon the condition or understanding that it contained a depth of approximately 146 feet—otherwise it would not have paid $11,500. for the property. Plaintiff, on the other hand, denies this and relies upon the inspection made by the defendant, plus the fact that he pointed out the pegs, pole, an old stationary truck, and physical objects to show his line or boundary. Ordinarily, when there is a conflict between courses and distances or quantity of land on the one hand and natural or artificial monuments on the

ground on the other hand, it is well settled that the monuments prevail: *Over v. Lindsay*, 255 Pa. 283, 99 A. 805; *Morse v. Rollins*, 121 Pa. 537, 15 A. 645; *Miller v. Cramer & Cure*, 190 Pa. 315, 42 A. 690; *Donaldson v. Fellabaum*, 68 Pa. Superior Ct. 347. Especially is this so where a purchaser inspects the property and has an opportunity to see the physical boundaries: *Smith v. Donahue*, 60 Pa. Superior Ct. 424; *Mylin v. Hetrick*, 82 Pa. Superior Ct. 475.

Plaintiffs were partially corroborated by Weisenberg's own testimony on cross-examination: "Q. You wanted to buy this property on Saw Mill Run Boulevard for the purpose of displaying and selling your trade-ins? A. That's right. Q. When you went out and inspected the property before you bought it, it was satisfactory for your purpose, was it not? A. That's right."

It is clear, therefore, that plaintiffs' evidence was amply sufficient to prove that the parties intended to buy and sell premises known as premises 2015 Saw Mill Run Boulevard, having a depth back to the pegs and other physical objects shown to the defendant; consequently defendant is not entitled to judgment n.o.v. Cf. *Mylin v. Hetrick*, supra.

Defendant's sole argument for a new trial is (1) that the verdict was against the weight of the evidence; and (2) that the following excerpt from the court's charge was erroneous: ". . . I am taking the position that there is no written agreement that specifically says what that actual distance is, and I am leaving the matter for your determination on what is meant by '146 feet more or less'."

At the conclusion of the charge, the defendant took merely a general exception. Under a general exception to a charge only errors which are basic and fundamental will be considered—any other errors must be

made the subject of a specific objection: *Rockey v. Ernest*, 367 Pa. 538, 80 A. 2d 783; *McDonald v. Ferrebee*, 366 Pa. 543, 547, 79 A. 2d 232; *Medvidovich v. Schultz*, 309 Pa. 450, 164 A. 338; *Pennsylvania Railroad Company v. Pittsburgh*, 335 Pa. 449, 6 A. 2d 907.

Considering the excerpt from the charge out of context, it merely served to focus the attention of the jury to a determination of the meaning of the words "146 feet more or less". Even if we assume this portion of the charge was erroneous, it was harmless error. We find no merit in any of defendant's contentions.

Judgment affirmed.