## Kline et al. versus Keiser.

Where in an assignment of a specialty by endorsement, the words "with recourse" are added, the endorsers are liable.

October 29th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. SHARSWOOD and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of Somerset county: Of October and November Term 1878, No. 61½.

[Kline *v.* Keiser.]

Assumpsit by Hertz Keiser against Max Kline and Otto Frey, trading as M. Kline & Co., endorsers of Daniel Carns.

On the 5th day of May 1875 Daniel Carns executed and delivered three judgment notes under seal, each for $122.16, payable respectively at three, five and seven months, to M. Kline & Co.

Before maturity of the said notes M. Kline, one of the firm, transferred the notes for value, to Hertz Keiser by endorsement in the following words:

"The within for the use of Hertz Keiser with recourse.

M. KLINE & Co."

At maturity Daniel Carns was insolvent. Keiser brought his suit against M. Kline & Co.

The defendants requested the court to charge that this endorsement was at most but a simple assignment of the note, and that the words "with recourse" do not qualify the assignment and have no legal meaning or operation. The court, Hall, P. J., refused to so charge, and the verdict being for plaintiffs, the defendants took this writ and assigned this refusal for error

*Baer & Baer*, for plaintiffs in error.—The recovery here must, if it can be justified at all, be on the ground that the notes were guaranteed. But we allege there is nothing in the endorsement or extrinsic evidence in the case to warrant any express or even implied guarantee. If the notes were bought on a guarantee, it was quite simple and possible to have written a guaranty on the notes, which would have shown the character of the transaction.

Not only was this not done, but there is not a particle of extrinsic evidence in the case to show that the notes were guaranteed. And in the absence of such extrinsic proof, the assignor's liability can only be measured by the endorsement itself: Barto *v.* Schmeck, 4 Casey 447; Lang *v.* Fegenbush, 2 Phila. R. 20; Alter *v.* Langabartel, 5 Id. 151; Jackson *v.* Barnes, Id. 33.

*W. H. Koontz* and *John H. Uhl*, for defendant in error.—The legal import of the words "with recourse" is to create a liability in the nature of a guaranty: Overton *v.* Tracy, 14 S. & R. 325; 1 Parsons on Contracts 495

The judgment of the Supreme Court was entered November 4th 1878,

PER CURIAM.—An assignment of a specialty "with recourse" certainly meant something. Without these words it is clear the assignee could not come back upon the assignor to make good the debt in the event of the insolvency of the obligor. If it had been an endorsement of a note, on which recourse could be had at law, "without recourse," certainly every one would understand the expression as intended to relieve the endorser from a legal liability.

[Kline *v.* Keiser.]

Why then should not "with recourse" be interpreted to mean a liability by contract, when none existed in law? The literal meaning of the word is to *run back,* so that in the assignment it must be held to mean to run back or have recourse upon the assignor in case of non-payment. We find no error in the record.

Judgment affirmed.