## McCann *v.* McCrea, Appellant.

*Contract—Building contract—Ambiguity—Parol evidence.*

Where a person agrees in writing to do the work of roofing in a building operation, and he is to receive in payment therefor cash and a second mortgage on a house which was to have on it no other lien than a first mortgage, and the paper is equivocal as to who should make the second mortgage, parol evidence is admissible to explain the ambiguity.  In such a case if it appears that there was a mechanic's lien on the house in addition to the first mortgage, the roofer is not obliged to accept the second mortgage in payment.

Where a person who has done work in a building operation agrees to take in part payment a second mortgage on a property which was to have upon it no other incumbrance than a first mortgage, and he refuses the tender of a second mortgage because of the existence of a mechanic's lien on the property in addition to the first mortgage, and thereafter brings suit in which he claims as due him a sum of money equal to the amount of the second mortgage which he was to receive, he is entitled to recover the full amount of his claim, although the evidence shows that the property had been sold in a foreclosure suit under the first mortgage for a merely nominal sum.

Argued Oct. 18, 1901.   Appeal, No. 159, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1899, No. 172, on verdict for plaintiff in case of John McCann v. John McCrea.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a contract in writing.   Before McCARTHY, J.

From the record it appeared that on June 2, 1897, the plaintiff and defendant entered into a written contract whereby the former agreed with the latter to provide the material and do the work necessary for the slate roofing of nineteen houses being erected by the defendant on North 63d street, West Philadelphia, for $175 per house, payment thereof to be made as follows : Eighty per centum thereof as the work progressed and the remaining twenty per centum thereof when the houses were accepted by the trust company which was advancing to the said John McCrea the money necessary to build said houses, as finished and completed, and of said twenty per centum $500 was to be paid by a second mortgage on one of said houses having a lot thereto of forty feet by 150 feet.   Said mortgage

to bear interest at the rate of six per centum, per annum, and the house on which it was to be secured to be clear of incumbrance except a first mortgage of $5,500 thereon.

John McCann was asked this question:

" Q. At the time that you signed the agreement what conversation had you with Mr. McCrea respecting the kind of mortgage you were to receive ? "

Objected to.

Mr. Potter: I propose to show by this witness that Mr. McCrea identified that mortgage as his mortgage, and that he said that he would give that mortgage, and that it was to be his bond and mortgage. This is to show just whose mortgage it was that the plaintiff was to receive. My offer is to prove a contemporaneous agreement made at the time of the making of the written agreement on June 2, 1897, on the faith of which this written agreement was signed by which it was agreed that it was to be the defendant's bond and mortgage that was to be given to the plaintiff.

Objection overruled. Exception for defendant. [1]

" A. I was to receive a $500 mortgage———— "

The Court: " Q. We only want to know whose mortgage you were to receive. The agreement itself specifies that it was to be a second mortgage on a particular property in a certain sum."

Mr. Potter: I had better frame that question anew, because I did ask what kind of a mortgage it was to be. " Q. At the time that you made the agreement and before the signing of the agreement what conversation, if any, did you have with Mr. McCrea respecting whose bond and mortgage this was to be that was mentioned in the agreement? A. He. told me it was his own mortgage he was to give me. Q. Where was this conversation had ? A. In his office which is attached to his house at Chestnut Hill. There was no one at the office at the time only himself and myself, and he called his daughter in to witness the agreement. Q. And you signed the agreement? A. I signed the agreement and his daughter Letitia witnessed it. He called her from another room."

Plaintiff presented this point:

2. If when the defendant delivered the second mortgage to the plaintiff on or about June 28, 1898, the property was sub-

458    McCANN v. McCREA, Appellant.

Statement of Facts—Opinion of the Court. [18 Pa. Superior Ct.

ject to the lien of a mechanic's claim the plaintiff was not obliged to accept the mortgage and had a right to return it and was entitled to payment in cash for the amount which the mortgage represented. *Answer :* I affirm that point. [2]

6. That the property on which the mortgage in question was secured having sold for $50.00 at sheriff's sale in February 1899, on foreclosure proceedings brought on the first mortgage, this price is the best evidence of the market value of the property and of the value of the second mortgage thereon. *Answer :* Refused. [3]

8. That under all the evidence in the case, the plaintiff is not entitled to recover and the verdict must be for the defendant. *Answer :* Refused.

Verdict for plaintiff for $608.32, upon which judgment was entered for $593.75.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions. (2–4) Above instructions, quoting them.

*John Faber Miller,* for appellant, cited on the admissibility of parol evidence : Yaryan Co. v. Penn. Glue Co., 180 Pa. 497 ; Russell v. Spring City Glass Works, 6 Pa. Superior Ct. 118 ; Thorne v. Warfflein, 100 Pa. 519 ; Melcher v. Hill, 194 Pa. 440.

Cited on the measure of damages : Huntingdon, etc., R. R. & Coal Co. v. English, 86 Pa. 247 ; Penrod v. Mitchell, 8 S. & R. 523 ; Singerly v. Armstrong, 5 W. N. C. 139.

*Leoni Melick,* of *Melick, Potter & Dechert,* for appellee, cited : Singerly v. Armstrong, 5 W. N. C. 139 ; Batley v. Foerderer, 162 Pa. 460.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901 :

The defendant, intending to construct a number of houses, entered into a written agreement with the plaintiff to do the work of roofing. For this the latter was to be paid partly in cash and, as provided in the copy of a written agreement appended to the statement of claim, " five hundred is to be in a second mortgage on one of said houses, having a lot thereto of forty by one hundred and fifty feet, said mortgage to be at the rate of six per cent per annum, and the house on which

it is given to be clear of encumbrance, only a first mortgage of fifty-five hundred dollars," etc. The cash consideration was paid. The plaintiff sues for $500, alleging that a mortgage as contemplated by the agreement was not given to him. The first assignment alleges that error was committed in permitting the plaintiff to show that the bond and mortgage which were tendered were not .those of the defendant. The agreement was not clear in respect to the person by whom the mortgage was to be created. The plaintiff alleges that it was to be made by the defendant himself. The defendant alleges that there was no such agreement. The equivocal phraseology of the agreement opened the door to testimony to explain the ambiguity. The testimony was admitted and the question thereby raised was submitted by the court below to the jury. Herein was no error.

The plaintiff alleged that he was not obliged to accept the mortgage which was tendered to him on June 28, 1896, inasmuch as the property covered by it was subject to a mechanic's lien in addition to a mortgage of $5,500. The second point of charge submitted by the plaintiff was: "If when the defendant delivered the second mortgage to the plaintiff on or about June 28, 1898, the property was subject to a lien of mechanic's claim, the plaintiff was not obliged to accept the mortgage and had a right to return it and was entitled to payment of cash for the amount which the mortgage represented." This was affirmed. There was beyond much doubt a lien upon the property at the date named. The court below submitted the question, whether or not the lien as filed covered the particular property upon which the second mortgage was made. This was going quite as far, in view of the proofs, as the defendant could have expected.

The third assignment is to the refusal of the court below to affirm the sixth point submitted by the defendant, "that the property on which the mortgage in question was secured, having sold for fifty dollars at sheriff's sale, in February, 1899, on foreclosure proceedings brought on the first mortgage, this price is the best evidence of the market value of the property and of the value of the second mortgage thereon." The allegations of the statement of claim were not as clear as they might have been in view of the case developed by the evidence for the plain-

tiff. It sets forth the written contract; performance by the plaintiff and the failure of the defendant to make payment of the second mortgage. It would better have alleged in form the failure to make tender of a proper mortgage, and have omitted the allegation of the value of the mortgage. The statement of claim, however, adds that there " is justly due from the defendant to the plaintiff the sum of five hundred dollars," etc. Upon this allegation, we think the verdict can be sustained. The liability shown was for $500 (the balance of the contract price), becoming due in cash because of failure by the defendant to deliver a mortgage pursuant to his contract. See Singerly v. Armstrong, 5 W. N. C. 139.

The fourth assignment is to the refusal of the court below to direct a verdict for the defendant. Without entering upon a further discussion, we are of opinion that there were sufficient contradictions of material matters of fact to require the submission of the case to the jury.

The judgment is affirmed.