## Edmonds v. First National Bank of Connellsville, Appellant.

*Contract—Evidence—Technical terms—Parol evidence.*

In an action upon a written contract where it appears that the plaintiff was to do all of what was "properly brick work" in a building operation, and it nowhere appears from the contract, or the specifications what was included by the words "properly brick work," parol evidence is admissible to explain their meaning.

Argued May 7, 1906.   Appeal, No. 319, Jan. T., 1905, by defendants, from judgment of C. P. Fayette Co., Dec., T., 1903, No. 102, on verdict for plaintiff in case of C. L. Edmonds v. First National Bank of Connellsville, Owner or Reputed Owner, and Wm. Kerr's Sons, Contractors.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.   Affirmed.

Assumpsit on a building contract.   Before UMBEL, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $6,034.06.   Defendants appealed.

*Error assigned* was in admitting parol evidence to explain the contract.

*E. C. Higbee*, of *Sterling, Higbee, Dunbauld & Brown*, for appellants.—The contract having been established is presumed in law to be the only evidence of the agreement between the parties : Coal Co. v. Everhart, 206 Pa. 118; Martin v. Berens, 67 Pa. 459; Streator v. Paxton, 201 Pa. 135; Rowand v. Finney, 96 Pa. 192; Bryant v. Hagerty, 87 Pa. 256; Foster v. Berg, 104 Pa. 324; Sparks v. Pittsburg Co., 159 Pa. 295; Jessop v. Ivory, 158 Pa. 71 ; Kaufmann v. Friday, 201 Pa. 178 ; Sutch's Estate, 201 Pa. 305 ; Kreuger v. Nicola, 205 Pa. 38.

*D. M. Hertzog*, for appellee. — The court did not err in submitting to the jury parol testimony as to the meaning of the expression " that which is properly brick work " as used in the contract between the parties: Carter v. Philadelphia

Coal Co., 77 Pa. 286 ; Phœnix Iron Co. v. Samuel, 13 W. N. C. 50; Streppone v. Lennon, 143 N. Y. 626 (37 N. E. Repr. 638).

OPINION BY MR. JUSTICE FELL, May 24, 1906 :

William Kerr's Sons, one of the defendants, contracted with the First National Bank of Connellsville to erect a bank building and the plaintiff contracted with them in writing to furnish the materials for and to do all the brick work. By the terms of the contract the plaintiff was to furnish "all materials and labor required for all the brick work on the First National Bank Building—specified and shown on plans prepared by Mowbray and Uffinger, architects, under the head of mason and brick work, or under any other heading, which is properly the above work."

Whether under the agreement the plaintiff was required to lay the fireclay arches, lintels and roof coping was a subject of dispute at the trial, and parol testimony was admitted to show the mutual understanding of the parties as to the meaning of the contract at the time it was signed and to show by persons familiar with the business the meaning of the words "properly brick work " when used in a building contract such as this. The assignments of error to be considered relate to the admission of this evidence.

If the intention of the parties could have been ascertained from the specifications, there would have been nothing to explain by parol evidence. These specifications were prepared to designate not the work to be done by the plaintiff, but all the work to be done by the principal contractor on the whole building. There was a general classification of the work but not one in which under separate heads all of a specific kind of work and only work of that kind was included. Brick work is found under three distinct heads, and under the head of " brick work " in immediate connection with the laying of fireproofing is found work provided for under different heads. The obligation of the plaintiff to do all of the brick work under whatever head named was made clear by the agreement, but what was " properly brick work " was not. It was therefore competent in aid of the construction of the writing to prove the understanding of the parties at the time in respect to it and to ex-

plain the trade meaning of a technical term used in connection with the particular work which was the subject of the agreement: Brown v. Brooks, 25 Pa. 210; Carey v. Bright, 58 Pa. 70.

The judgment is affirmed.