## Ketcham *v.* Central Trust & Savings Co., Appellant.

*Trusts and trustees—Trust to secure payment for material furnished in building operations—Action against trustee—Case for jury.*

In an action of assumpsit against a trust company, the case is for the jury, and a verdict for the plaintiff will be sustained, where it appears that the defendant, through an agent, had executed a declaration of trust, by which it acknowledged that it held title to a house, to secure the plaintiff for material furnished in a building operation, of which the house was a part; that the debt remained unpaid, and that the trustee had sold the house to a stranger, and where the issue between the parties is whether or not a completed house was contemplated in the declaration of trust.

*Contracts—Declaration of trust—Parol evidence.*

Where a declaration of trust sets forth that the trustee holds a certain property as security, for the payment of materials furnished in a building operation, of which the house in question was

a part, parol evidence is admissible to explain whether or not a finished house was contemplated under the terms of the agreement.

*Practice, C. P.—Pleading—Allegata and probata.*

The declarations of the parties referring to the subjects contained in a contract, when not introduced to vary its terms, need not be set forth in the plaintiff's statement, in order to be admissible at the time of the trial. Such declarations are not setting up a new agreement, but merely explaining the existing one.

Argued Oct. 17, 1918. Appeal, No. 45, Oct. T., 1918, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 517, on verdict for plaintiff in case of O. W. Ketcham v. Central Trust & Savings Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit. Before SHOEMAKER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $580. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, answers to points and refusal to enter judgment for defendant n. o. v.

*Edward Hopkinson, Jr.,* and with him *Abraham Beitler,* for appellant.—The testimony of the plaintiff was inadmissible under the pleadings: Renshaw v. Gans, 7 Pa. 117; Clark v. Lindsay, 7 Pa. Superior Ct. 43; Wilkinson v. Welde, 196 Pa. 508; Friedman v. Urmann, 28 Pa. Superior Ct. 440; Hennessy v. Anstock, 19 Pa. Superior Ct. 644.

The written contract between the parties could not be modified by parol evidence: General Motor Truck Co. v. Philadelphia Paving Co., 248 Pa. 499; Lowry v. Roy, 238 Pa. 9; Krueger v. Nicola, 205 Pa. 38; Sutcliffe v. Bakes, 62 Pa. Superior Ct. 65; Potter v. Grimm, 228 Pa. 440.

*Charles J. Sharkey,* and with him *Joseph G. Magee,* for appellee.—It is always competent to explain and define the subject of a written agreement: Morris's App., 88 Pa. 368; Centenary M. E. Church v. Clime, 116 Pa. 146; Penna. R. R. Co. v. Street Ry. Co., 221 Pa. 484; Chaplin v. Griffin, 252 Pa. 271; Smolevitz v. Slominsky, 67 Pa. Superior Ct. 227.

OPINION BY TREXLER, J., April 21, 1919:

This suit arises out of a building project which the defendant trust company indirectly financed. Ketcham, the plaintiff, furnished the brick for two sets of houses. Twenty-five per cent. of his bill was secured by one of the houses being held in trust by Carson, who acted for the trust company. The principal contractor defaulted in the payment of the twenty-five per cent. balance and the plaintiff was entitled to a deed for the house. When the trust company was ready to make the conveyance to the plaintiff he declined to accept it for the reason that the house was not finished. Afterwards when it was finished the trust company would not give a deed unless the plaintiff reimbursed it for the expenses incurred in completing the house and for the taxes which had accrued and had been paid by it. The plaintiff then brought suit for damages resulting from the failure to convey.

In an application for judgment against the defendant for want of a sufficient affidavit of defense in this same suit we sustained the lower court in refusing judgment. We did not think it was a case for summary judgment as it did not appear from the contract whether a completed house was intended or not. At the trial plaintiff offered testimony to the effect that the officer of the trust company who acted for it in the transaction stated to the plaintiff that he was to receive a completed house. This was objected to by the defendant. We do not think this proof was in contradiction of the written agreement but in explanation of it and in aid of its construction.

The contract lacked definiteness and the construction put upon it by the parties would materially aid in arriving at its meaning. See Edmonds v. First National Bank, 215 Pa. 547; McCann v. McCrea, 18 Pa. Superior Ct. 456.

The further objection to the testimony was that it was not admissible under the pleadings as the plaintiff declared under a written contract and that this was the introduction of a new cause of action. In his statement the plaintiff asserts that under the terms of the agreement he was entitled to a new house and that the agreement contemplated this. He was not required to set out his testimony in his statement. The declarations of the parties made as to the subjects contained in the contract when not introduced to vary its terms need not be set forth in plaintiff's statement in order to be admissible at the time of the trial. This was not setting up a new agreement, it was merely explaining the existing one.

Under the terms of the agreement the premises were to be conveyed subject to a mortgage of $2,200. This determined the amount of the indebtedness which was to be against the property at the time of its conveyance. We think that the taxes accruing during the time the trust company's representative held the premises were payable by it and that such taxes paid by the defendant could not be used to reduce the amount of plaintiff's damages, the loss being the difference between the market value of the property less the encumbrance which under the agreement remained on the premises. The idea of the parties evidently was that the property was to be conveyed subject to the mortgage and nothing else.

The assignments of error are overruled and the judgment is affirmed.