# Fahey et al. *v.* Adams, Appellant.

*Contracts—Written contracts — Extension of time — Parol evidence—Allegata and probata.*

In an action of assumpsit on a written contract for the sale of grain, modification of terms as to time of performance, which the conduct and mutual dealings of the parties show to have been clearly understood, may be shown by parol evidence, and do not constitute a variance between allegata and probata, where the modification is so closely linked with the written contract as to constitute part of the same transaction.

Argued November 14, 1921. Appeal, No. 72, Oct. T., 1921, by defendant, from judgment of C. P. Lancaster County, Oct. T., 1917, No. 46, on verdict for plaintiff in the case of John T. Fahey, Edgar F. Richards, J. Frank

Riley et al., copartners, trading as John T. Fahey & Co., v. C. V. Adams. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and LINN, JJ. Affirmed.

Assumpsit for breach of contract. Before LANDIS, P. J.

From the record it appeared that the defendant contracted to sell the plaintiffs three carloads of grain, which he failed to deliver. The statement filed declared upon a written contract. The evidence was that for a long time, beginning immediately after the execution of the contract, the parties were in frequent communication as to the time of delivery, the effect of which appeared to be an extension of the time for performance of the contract. Finally a formal demand for delivery was made, coupled with the statement that, if shipment was not made, the plaintiffs would go into the market and buy, holding defendant responsible for the difference between contract and market price. This they did. The action was to recover damages for the loss.

Verdict and judgment for plaintiff in the sum of $1,-430. Defendant appealed.

*Errors assigned* were various rulings upon evidence, answers to points, and the charge of the court.

*B. F. Davis,* for appellant.—The measure of damage is the difference between the contract and the market price of the article at the time of the breach: McHouse v. Fulemer, 73 Pa. 365; Willock v. Crescent City Oil Co., 184 Pa. 245; Riess v. Myers, 57 Pa. Superior Ct. 243.

The declaration being upon a written contract, there could be no recovery upon verbal promises: Jessop v. Ivory, 158 Pa. 71; Cleaver v. Garner, 133 Pa. 419; Zullinger v. Grebe, 72 Pa. Superior Ct. 209.

*John A. Coyle,* and with him *Owen P. Bricker,* for appellees.—In an action for nondelivery of goods, the writ-

ten contract may be modified by parol. Such a modification is not a fatal variance between allegata and probata: Inter. F. Corp. v. Scranton Silk Machine Co., 269 Pa. 541; Ketcham v. Central Tr. & Savings Co., 71 Pa. Superior Ct. 376; Babcock Lumber Co. v. Creasy, 70 Pa. Superior Ct. 42.

The jury in this case has found the parol evidence a part of the contract: Malone v. Dougherty, 79 Pa. 46; Prudden-Winslow Co., Inc., v. Slipp, 76 Pa. Superior Ct. 530.

OPINION BY ORLADY, P. J., March 3, 1922:

The plaintiffs brought this action in assumpsit for an alleged breach of contract in the sale of grain. They are grain brokers in the City of Baltimore, and the defendant a dealer in grain, doing business in the City of Lancaster. The claim is based upon the nondelivery of three carloads of wheat. There was little, if any, dispute concerning the facts out of which the controversy arises, the principal contention relating to the modification of the written contracts as to extension of time for delivery, and these were apparently well understood by the parties, as evidenced by their conduct and mutual dealings. The alleged variance between the contracts and parol representations are but explanatory of the existing contracts, and such evidence is received under clearly defined rules: Ketcham v. Central Trust and Savings Company, 71 Pa. Superior Ct. 376.

The contracts involved in this action were not denied, and the parol offers could not be objected to on the ground that it was a case of variance between the allegata and the probata, as the conduct of the parties so intimately linked them together as to make them, necessary parts of the transaction.

The judgment is affirmed.

KELLER, J., did not sit and took no part in this decision.