# Hudson, Appellant, v. Hyman.

*Practice, Superior Court—Appeals—Notice of—Filing—Opinion by trial judge—Rule 58.*

Under the provisions of Rule 58 of the Superior Court, the trial judge on receipt of notice that an appeal has been taken from a judgment, for which the reasons do not already appear of record is required to forthwith file at least a brief statement of the reasons for such order, judgment or decree in the form of an opinion, which shall be attached to the record and printed. Rule 58 is mandatory.

An affidavit of defense, raising questions of law, under section 20 of the Practice Act, is defective, which avers that plaintiff's statement of claim fails to disclose a cause of action because the claim has been previously adjudicated, where this fact did not appear in the statement. In such case it should be averred in an affidavit of defense on the merits. In an affidavit of defense under section 20, it has the vice of a speaking demurrer.

In an action of assumpsit for the return of money paid on a contract for the sale of personal property, the case is for the jury where the averments in the plaintiff's statement are that a written contract was made, which was subsequently cancelled and a new parol contract substituted therefor which the defendant did not fulfil.

It is competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified or changed, or a new one substituted. And this may be proven by parol, by showing either an express agreement, or actions necessarily involving the alterations.

Argued December 10, 1924. Appeal, No. 297, Oct. T., 1924, by plaintiff, from judgment of the Municipal Court of Philadelphia, April T., 1924, No. 879, in favor of defendant on an affidavit of defense raising questions of law in the case of Joseph A. Hudson v. William Hyman, trading as Wm. A. Akers, Jr., Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on a written contract. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered the following judgment:

"September 29, 1924. Demurrer sustained. Judgment for defendants." Plaintiff appealed.

*Error assigned* was the judgment of the court.

*C. W. Conard,* of *Conard & Middleton,* for appellant.

*J. B. Winokur,* of *Loewenstein, Winokur & Baylson,* for appellee.

OPINION BY LINN, J., February 27, 1925:

This is another of those cases in which a court below failed to comply with Rule 58, requiring a written opinion briefly stating the reasons for the judgment entered; the court desires that rule hereafter to be regarded as mandatory.

Plaintiff declared in assumpsit for the return of money paid in circumstances to be stated; defendant filed an affidavit of defense raising questions of law under section 20 of the Practice Act; after hearing, the court made an entry "demurrer sustained, judgment for defendant." That action is assigned for error.

The affidavit of defense averred that "plaintiff's statement of claim fails to disclose a cause of action," because the claim had previously been adjudicated. That fact did not appear in the statement; if available it should be averred in an affidavit on the merits; in an affidavit under section 20, it has the vice of a speaking demurrer: Bovaird v. Barrett & Son, 78 Pa. Superior Ct. 68, 71.

The next objection to the statement was bad for the same reason; defendant averred that by instituting this suit plaintiff violated a rule of court "which states that a new action originating in the same case, must be issued as of the same court, term and number and the costs paid before a new writ be issued." Much of appellee's brief is

devoted to argument based on plaintiff's statement of claim in the first suit; which, for the reason indicated, is not part of the record before us and cannot aid appellee here.

The remaining objections were to the effect that plaintiff's statement did not aver compliance with the written contract between the parties, and that on the contrary, it showed that plaintiff had not complied with it. Briefly stated, plaintiff had averred that, by writing, annexed to the statement, he had agreed to buy from defendant certain goods and to sell them in a specified territory during the year expiring February, 1923; that he had taken a quantity and paid therefor $1,255; that one of the considerations for his promise was defendant's undertaking to advertise the goods; and that on the termination of the agreement, defendant would receive back from plaintiff so much of the goods purchased, as he should then have on hand, and refund to him 90% of the purchase price. Plaintiff averred that before the year ended, the goods were found defective and unsalable and that defendant had been unable to make them salable and had also failed to advertise as agreed upon; that the parties had made an oral supplementary agreement to terminate the original contract, and that defendant would at once take back what plaintiff had on hand and refund to him 90% of the purchase price; that plaintiff returned the goods and defendant accepted them but declined to make the repayment.

Defendant's objection below seems to have been that plaintiff was seeking to vary the writing by parol. It is obvious from what has been said that no variation is sought; nor does the provision in the written agreement that all oral negotiations between the parties have been included in it, prevent their making another agreement subsequently. Plaintiff avers that the parties met, cancelled the writing and made the new agreement. "It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or

in part, modified, changed or a new one substituted. And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations": Achenbach v. Stoddard, 253 Pa. 338, 344; Coke Co. v. Hoover, 268 Pa. 104, 106.

Judgment reversed, with a procedendo.