Frechie et ux. *v.* Boyd, Appellant.

554

Argued October 2, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

Robert K. Bell, and with him White & Wetherill, for appellant.

M. P. Elwert, and with him Herbert W. Salus, for appellee.

Opinion by Baldrige, J., December 12, 1930:

The parties to this suit entered into a written agreement on the 31st of August, 1925, whereby the defendant agreed to sell and convey to the plaintiffs for $15,000, five lots of ground included in a development, known as Shore Gardens, located at Ocean City. Two thousand dollars of the consideration was paid on the

execution of the agreement and an additional cash payment of $8250 was to be made at the time of final settlement at the office of J. W. Morrison, "when the improvements are completed, not before September 15, A. D. 1925." The agreement provided further that the lots were "to be brought to established grade, streets to be built of gravel, curb and sidewalks of cement." The plaintiffs rescinded the contract on August 12, 1926, and on May 26, 1927, brought this action to recover the hand money paid, with interest. The case was tried without a jury and a verdict rendered for the plaintiffs.

Harry Frechie, one of the plaintiffs, testified that a few weeks after the contract was entered into he inquired of Morrison, who, under pleadings admitted in evidence, was the agent of the defendant, when he would be ready for a settlement and Morrison then agreed that it would not be later than the 15th of February, 1926. Morrison, called as a witness for the defendant, testified that he remembered Frechie calling at the office and that he may have then agreed to a date of settlement but that he did not recall so doing. Monahan, the contractor, testified that the work was to have been finished February 1, 1926. The improvements were, in fact, not completed until June, 1927.

The major question involved is, whether the oral testimony was admissible to prove an agreement of a definite date for settlement. The improvements, the defendant alleged, included the building of a bulkhead along the ocean front for the entire development for the purpose of preventing the sand, which was dredged and recovered from the bay side, from running into a water thoroughfare. The defendant maintains further that the only time fixed for settlement was in the written agreement and that was to be after all the improvements of the entire development were completed. What improvements were contemplated by

the parties to the agreement? Did the entire bulk-head have to be constructed, all the lots have to be filled, which required 300,000 tons of sand, and the streets, curbs and sidewalks in this extensive tract of land have to be built before settlement? Although that is the contention of the appellant, we do not regard this agreement as free of doubt as to that question. The contract itself did not expressly provide that the entire work was to be done in the development of Shore Gardens before settlement.

The parties attempted to fix the date of settlement which was quite uncertain, and, subsequently, they agreed to a definite time when the conditions of the contract were to be fulfilled and the money paid. Such an arrangement was not a contradiction of the terms of the contract; it was a clarification of an obscure provision and made the time of payment certain, which was uncertain. The burden, of course, was on the plaintiffs to show such an agreement and the court held that they successfully did so. One may prove the meaning of an ambiguous clause in a written contract, or that a written contract has been subsequently abandoned, in whole or in part, or modified, or a provision thereof has been waived by express agreement or by the conduct of the parties, or the time of payment may be shortened or extended: Achenbach v. Stoddard, 253 Pa. 338; Anstead v. Cook, 291 Pa. 335; Ketcham v. Central Trust and Savings Co., 71 Pa. Superior Ct. 376; Fahey v. Adams, 78 Pa. Superior Ct. 209; Hudson v. Hyman, 85 Pa. Superior Ct. 245.

We are of the opinion that the court correctly admitted the evidence and was justified in his conclusion that there was a date of settlement agreed upon as of February 15, 1926.

If we would assume that this date was not definitely fixed, we strongly incline to the view that the court could determine what, in the circumstances, was a

reasonable time to make the improvements and could very properly have said that the plaintiffs showed sufficient patience before rescinding.

The general rule is that where no time is fixed for the performance of a condition precedent, it will be presumed that it is to be performed within a reasonable time. There is authority for the statement that an exception to this rule exists where the performance is not within the powers of the vendor: 13 C. J. 684. But we are not convinced under the testimony that this case comes within that exception. We think it comes under the principle that if a delay in performance of a contract caused by impossibility is excusable and of short duration, the vendee is bound subject to the extent of the delay. If, however, the impossibility persists for a sufficient length of time to go to the essence of the contract, the vendee is justified in rescinding the contract: Williston on Contracts, Sec. 1957, Page 3324. As the delay in performance was for a period of twenty months, the very substance of this contract was affected to such a degree that the vendee was warranted in seeking its abrogation.

It inevitably follows that as the testimony referred to was admissible and sufficient to sustain the finding of the lower court as to the time for the completion of the improvements, no tender of the additional cash payment by the plaintiffs was necessary before rescinding as they were not in default. A party in default cannot demand performance by the other parties to a contract; that would be a needless and vain thing which the law does not require. It is only when nothing further is to be done by the party to whom the money is payable that a tender is necessary: Eberz v. Heisler, 12 Pa. Superior Ct. 388 (391); Romm v. Lobosco, 95 Pa. Superior Ct. 373.

All of the assignments of error are overruled and the decree of the learned court below is affirmed.