## Commercial Banking Corp. v. Rooney

*Isadore Krasno*, for plaintiff.

*W. J. Krencewicz* and *Henry Houck*, for defendant.

DALTON, J., July 28, 1941.—This matter is before us on an affidavit of defense raising questions of law.

Plaintiff, Commercial Banking Corporation, as endorsee and alleged holder in due course, brings this action of assumpsit against defendant, C. E. Rooney, as endorser of a certain promissory note, payable to the order of the said C. E. Rooney. It is alleged in the amended statement of claim that the note in question was made by one Diamantino Simoes and delivered by him to defendant; that defendant endorsed the said note to plaintiff (under circumstances hereinafter more fully described); that plaintiff gave value for the note and received it in the ordinary course of business before maturity and without notice of any defects in the title thereto or of any defense as between the original parties; that the said note was duly presented and payment therefor demanded of the said Diamantino Simoes, but payment of the same was refused; and that plaintiff is the present owner and holder of the

said note and has made due demand upon defendant, C. E. Rooney, for payment thereof, but defendant has refused to pay the said sum or any part thereof.

The note is endorsed as follows:

"For Value Received pay to the order of
COMMERCIAL BANKING CORP.
Without Recourse
C. E. ROONEY
(Dealer sign here)
By OWNER
(Owner, Officer, or Firm Member, give Title)

Recourse Endorsement

The undersigned hereby waives presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit against the maker or makers, and hereby consents that time of payment may be extended from time to time after maturity without notice to undersigned.

C. E. ROONEY
(Dealer sign here)
By ...........................
(Owner, Officer, or Firm Member, give Title)
J. M. B. REMENTER,
*Ass't Treas.*"

Both endorsements, with the exception of the signatures and the word "owner", are printed forms.

It is the contention of defendant that the legal effect of the endorsements is to constitute him a mere endorser "without recourse" and that consequently he is relieved of liability on the note. This requires some consideration of the nature of a contract of endorsement and the liabilities attached thereto.

An endorsement, in general, may be considered in a twofold aspect: (1) As an assignment of title; and (2) as a means of affording further security to the holder.

Section 84 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 56 PS §185, provides:

"Subject to the provisions of this act, when the instrument is dishonored by nonpayment an immediate right of recourse to all parties secondarily liable thereon accrues to the holder."

One who endorses without qualification not only assigns the title to the instrument but in addition, by virtue of section 66 of the act (56 PS §157), he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that, if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder or to any subsequent endorser who may be compelled to pay it. A qualified endorsement, on the other hand, which may be made by adding to the endorser's signature the words "without recourse" or any words of similar import, constitutes the endorser a mere assignor of the title to the instrument: Negotiable Instruments Law of May 16, 1901, P. L. 194, sec. 38, 56 PS §90; subject only to the warranties enumerated in section 65, 56 PS §156. The use of the words "without recourse" exempts the endorser from liability for payment of the note in case of its dishonor at maturity: Packard v. Woodruff, 57 Pa. Superior Ct. 176.

How is it then with the endorsements here present? The endorsement first in point of position is one "without recourse". If nothing more appeared it is clear that plaintiff would have no cause of action, since there is no allegation of a breach of any of the warranties enumerated in section 65. But there then follows, in point of position, a "Recourse Endorsement" together with a waiver of presentment for payment, notice of nonpayment, etc. It is contended by defendant that there is no inconsistency between the two endorsements; that the waiver of the rights set forth neither enlarged nor diminished the liability of defendant as a qualified endorser. This construction, however, would fail to attach any meaning to the words "Recourse Endorsement".

In the case of Kline et al. v. Keiser, 87 Pa. 485, certain judgment notes under seal were transferred by endorsement in the following words (p. 486): "The within for the use of Hertz Keiser with recourse."

It was contended that this endorsement was at most but a simple assignment of the note, and that the words "with recourse" did not qualify the assignment and had no legal meaning or operation. The Supreme Court, however, held at page 486:

"An assignment of a specialty 'with recourse' certainly meant something. Without these words it is clear the assignee could not come back upon the assignor to make good the debt in the event of the insolvency of the obligor. If it had been an endorsement of a note, on which recourse could be had at law, 'without recourse', certainly every one would understand the expression as intended to relieve the endorser from a legal liability. Why then should not 'with recourse' be interpreted to mean a liability by contract, when none existed in law? The literal meaning of the word is to *run back*, so that in the assignment it must be held to mean to run back or have recourse upon the assignor in case of non-payment."

In the instant case, therefore, the words "Recourse Endorsement" must be construed as the antithesis of an endorsement "without recourse", that is, as an express assumption of liability on the note.

We have, consequently, two contradictory endorsements, one expressing an intention that the endorser should not be liable on the note and the other expressing an intention that he should be so bound. Thus, the real intention of the parties cannot be ascertained without an inquiry into the circumstances attendant upon the execution and delivery of the respective endorsements.

"It is well settled that where a contract is ambiguous, either party may produce evidence to resolve the ambiguity": Security Trust Co. of Pottstown v. Stapp et al., 332 Pa. 9, 13.

Turning, then, to the amended statement of claim for the attending circumstances we find the following averments:

"8. That Diamantino Simoes delivered the said note marked exhibit 'B' to C. E. Rooney, the defendant, and before maturity of the said note, C. E. Rooney endorsed the same to the plaintiff, the Commercial Banking Corporation, with the following endorsement:

[Setting forth indorsement 'without recourse' as previously quoted.]

"9. That the plaintiff refused to accept the note marked exhibit 'B' with the endorsement, without recourse, in paragraph 8, and requested that before the said note that C. E. Rooney, the defendant, endorse the following recourse endorsement:

[Setting forth 'Recourse Endorsement' and waiver of presentment for payment, etc.]

"10. That C. E. Rooney, before maturity of the said note and at the request of the Commercial Banking Corporation, thereupon endorsed the note marked exhibit 'B' with the following endorsement:

[Setting forth 'Recourse Endorsement' and waiver of presentment for payment, etc.] and the same was thereupon accepted."

It will be noted that it is not averred in paragraphs 8 and 9 of the amended statement of claim that the note was delivered to and accepted by plaintiff when it bore only the endorsement "without recourse". On the contrary, paragraph 9 distinctly avers that plaintiff refused to accept the note so endorsed and requested that defendant execute the "Recourse Endorsement". Paragraph 10 avers that the note was accepted *after* the request was complied with.

Section 191 of the Negotiable Instruments Law (56 PS §492) provides:

"In this act, unless the context otherwise requires: . . . 'Indorsement' means an indorsement completed by delivery."

Section 16 (56 PS §21) provides in part that:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto . . ."

A contract of endorsement is a substantive contract, separable from and independent of the instrument on which it appears: Wachovia Bank & Trust Co. v. Crafton, 181 N. C. 404, 405, 107 S. E. 316. It is sufficiently averred, therefore, in paragraphs 8, 9, and 10 that there was never a completed contract on the basis of the endorsement "without recourse" alone. In effect, it is pleaded that there was merely a tender of a qualified endorsement which was refused; that plaintiff made a counter-offer on the basis of a "Recourse Endorsement" and waiver; that defendant accepted and complied with the counter-offer; and that plaintiff then accepted the note.

We are unable to hold as a matter of law that plaintiff has failed to set forth a cause of action. To be sure, the note, when finally delivered and accepted, continued to bear the endorsement "without recourse" in contradiction of the words "Recourse Endorsement", a result which the parties could easily have avoided by striking out the former endorsement. But the pleadings clearly allege that plaintiff refused to accept a bare assignment of title such as the endorsement "without recourse" offered, and agreed to contract only on the basis of the added security afforded by the "Recourse Endorsement" and waiver. The words "Recourse Endorsement" certainly mean something: Kline et al. v. Keiser, supra; and it is inconceivable that the parties intended the second endorsement to have merely the effect of a waiver of presentment for payment, etc., since it is conceded by defendant that such a waiver would neither enlarge nor diminish his liability if he were merely a qualified endorser, and would therefore be meaningless.

396

We think that if plaintiff should succeed in establishing the eighth, ninth and tenth averments of the statement of claim upon the trial of the issue it would have shown prima facie a right of recourse to defendant.

And now, July 28, 1941, the affidavit of defense raising questions of law is overruled and defendant is allowed 15 days from this date to file a supplemental affidavit of defense to the averments of fact of the amended statement of claim.