## Scanlan v. Ebensburg Borough

Before Griffith, P. J., McDonald and Shettig, JJ.

*Smorto & Creany*, for plaintiff.

*Davis & Davis*, for defendant.

McDONALD, J., September 12, 1962.—By agreement dated October 29, 1957, defendant leased to plaintiff a

parcel of ground known as Keystone Airport, or Ebensburg Emergency Landing Field, situate in Cambria Township, together with all existing facilities, for an annual rental of one dollar, to be conducted as a commercial airport operation. The lease was renewable at plaintiff's option for successive one year terms.

The lease provided plaintiff was: ". . . to provide and maintain adequate facilities and equipment for normal commercial operation"; be responsible for the maintenance of the field; carry necessary insurance, including property damage, personal liability, airport liability and workmen's compensation; and maintain a commercial airport license.

It was further agreed that ". . . any further buildings erected on the premises shall be approved by the party of the first part (defendant) as to design and location; . . . that any buildings erected by the party of the second part (plaintiff) during the term of this lease may be amortized over a period of ten years, at the expiration of which time the said buildings or improvements shall belong to the said party of the first part."

According to the complaint, plaintiff erected seven frame T-type hangars at a total cost of $7,650 during December, 1957, and December, 1958. On November 1, 1960, he terminated the lease after notice as provided therein. Under the amortization clause, quoted above, he claims the unamortized value of the buildings, amounting to $6,540.45. Defendant has refused to pay.

Defendant has filed preliminary objections in the nature of a demurrer, contending plaintiff agreed to provide and maintain adequate facilities and equipment for normal commercial operation, but that it did not agree to pay the cost of construction of the buildings or any portion thereof; and the lease imposes no financial burden or liability whatsoever on it. These objections were argued before the court en banc.

Plaintiff avers that the buildings were erected in accordance with an "absolute duty" imposed upon him by the lease to provide and maintain adequate facilities and equipment for commercial operation. Further, that in erecting them he rendered valuable improvement to the premises and conferred benefits upon defendant. He argues that the lease being terminated before the expiration of ten years, defendant is required to pay the unamortized value of the buildings at the time of termination, and in the alternative, since defendant was unjustly enriched, he must be reimbursed for this value.

As we understand his position, the obligation of defendant to pay the unamortized value of the buildings at the termination of the lease if sooner than ten years, although not expressed, was implied in fact. To support this position, he contends the lease required him to erect the buildings to maintain a normal commercial operation; that it was necessary for defendant to approve their design and location, and the lease contained a provision for amortization of their value thus passing title to defendant.

Defendant argues that the buildings, in the absence of a statutory provision or an express agreement, become part of the realty and its property without obligation to pay their value or any portion thereof; that, by the amortization provision, plaintiff merely acquired a right to extinguish his rental obligations under the lease.

The meaning of the amortization clause, and whether or not this, together with other provisions in the agreement, require defendant to pay the unamortized value of the buildings at the termination of the lease, is closely allied with the question of whether or not ownership of the buildings passed to defendant upon their erection, thus precluding removal by plaintiff. If the buildings may be removed upon termination of the

lease prior to the expiration of ten years, then, defendant is not liable. In our view, it is not clear whether plaintiff has this right or not.

A reading of the amortization clause indicates that any buildings erected by plaintiff *"may"* be amortized over a ten year period "at the expiration of which" they shall belong to defendant. Does this mean that if the agreement is not successively renewed for a period of ten years, ownership of the buildings remains in plaintiff? If so, it would seem upon termination prior to the expiration of this period he would have the right of removal. Both parties contend he does not have this right. We rather think plaintiff takes this position in order to strengthen his argument that defendant has been unjustly enriched and/or the amortization provision is operative to pass title prior to the ten year period, thus requiring defendant to pay the value at the time of termination. Defendant says plaintiff had the right to use the facilities which he erected for a period of ten years in order to receive their full value, and that by terminating the agreement he has extinguished that right. We believe the amortization provision is uncertain and ambiguous. In our opinion, it will require extrinsic and perhaps parol evidence to determine the intention of the parties. In such case, whether or not ownership of the buildings passed to defendant prior to expiration of the ten year period must be decided primarily, and if answered in the affirmative, then the question of whether or not there was an obligation to pay the unamortized value arises.

There is no specific provision in the agreement whereby defendant has obligated itself to purchase the buildings erected at an unamortized value upon termination in less than ten years. Generally, in the absence of such agreement, a lessee cannot recover for improvements to the leasehold.

However, assuming arguendo for the purpose of this

opinion, that the buildings cannot be removed by plaintiff, and that ownership passed to defendant upon their erection, is there an obligation implied in fact from the terms and circumstances of the agreement requiring defendant to purchase? Plaintiff argues there was an absolute duty upon him to erect the buildings in order to maintain a commercial operation. If there was such a requirement, this is a fact to be established at trial. Is it reasonable to infer that such buildings were in contemplation of the parties at the time the lease was executed? To strengthen this argument, plaintiff points to that provision of the agreement which requires approval of the buildings as to design and location by defendant. By this provision was it contemplated that ownership of the buildings would pass to defendant? If so, was it the intention of the parties that should the agreement be terminated before ten years, ownership of the buildings being in defendant, it was obligated to pay the unamortized value thereof either by agreement implied in fact or on the theory of unjust enrichment? These questions, too, seem to require extrinsic and perhaps parol evidence of the circumstances surrounding the making of the agreement. The nature of these questions, in addition to disclosing uncertainty and ambiguity in the terms of the agreement, raise the grave suspicion that it is incomplete.

If, as defendant argues, the buildings became part of the realty and cannot be removed, why then the amortization provision which by one interpretation limits passage of title to ten years? It is specious to argue as defendant does, that this was a means of extinguishing a rental obligation, since the rental was only one dollar per year. Perhaps defendant means the erection of the buildings was required, and the rental being nominal, their use for a period of ten years would be equivalent to a valuable rental. If so, is it not reasonable as plaintiff argues, that he having been given the right to termi-

nate (with no corresponding right to the defendant), if there was a termination prior to ten years, defendant impliedly agreed to pay the unamortized value?

It is hornbook law that the construction of an unambiguous contract is a matter of law for the court. However, where extrinsic facts, or even parol evidence, are necessary to aid in the interpretation of the contract and to ascertain the intention of the parties, the question of its meaning must be left to a jury: Albert v. Schenley Auto Sales, Inc., 375 Pa. 512; Kittaning Coal Company v. Moore, 362 Pa. 128; Security Trust Company of Pottstown v. Stapp, 332 Pa. 9. In our opinion, this agreement must be construed under the latter rule.

Summary judgment should be granted only in those cases where there is certainty the law will not permit a recovery by plaintiff and refused where doubt exists as to whether it should be entered: Davis v. Investment Land Co., 296 Pa. 449; Rhodes v. Terheyden, 272 Pa. 397. Here the latter prevails and the preliminary objections must be dismissed.

### Order

Now, September 12, 1962, after argument and upon consideration of briefs, defendant's preliminary objections are dismissed.